Leonard A. WASHBURN, Appellant,

v.

Fred HONEA, III, Appellee.

No. 5727.

Court of Civil Appeals of Texas, Waco.

July 28, 1977.

E. F. Edwards, III, Dallas, for appellant.

Roger J. Allen, Strother, Davis, Stanton & Levy, Dallas, for appellee.

HALL, Justice.

Leonard Washburn brought this suit against Fred Honea, III, for money received by Honea from Frito-Lay, Inc., for computer programming services performed for Frito-Lay by Washburn and Honea. Washburn pleaded that he and Honea performed the services as partners and were to share the money received from Frito-Lay equally, or that in any event, whether partners or

not, they had agreed to divide the proceeds equally and that Honea owed him a sum in excess of $2,000 as his unpaid share. Additionally, Washburn alleged that Honea owed him $600 for computer programming services he had rendered for Honea prior to their contract with Frito-Lay. Originally Frito-Lay was joined as a defendant, but it paid $1,480 owed by it under its contract with Washburn and Honea into the registry of the court and was dismissed from the suit. Honea denied that he owed Washburn any money, alleged that Washburn was his employee and not his partner on the Frito-Lay project, alleged that Washburn was paid and had accepted $300 for the work done prior to the Frito-Lay contract, and filed a cross action for $1,340 which he allegedly overpaid Washburn from money received from Frito-Lay.

After a hearing without a jury the court awarded Washburn a recovery of one-half of the $1,480 deposited in the registry of the court by Frito-Lay; rendered a take-nothing judgment against Honea on his cross action; and ordered the balance of the $1,480 deposit paid to Honea after all unpaid court costs had been deducted from it.

The record contains these express findings and conclusions:

1. Washburn was requested and directed by Honea to perform computer programming services in late August or early September, 1974.
2. The compensation for these services was a fee of $300.
3. A $300 check issued by Honea to Washburn on September 6, 1974, was substituted with another $300 check issued by Honea on September 13, 1974, and this latter check was superseded by payment of the $300 to Washburn by Global Computer Corporation with a check issued November 21, 1974.
4. There has been an accord and satisfaction regarding payment of the computer programming services rendered by Washburn in late August or early September, 1974.

5. Washburn and Honea entered into an oral agreement in the latter part of December, 1975, under which they were to perform computer programming services for Frito-Lay under a contract with Frito-Lay dated December 29, 1975.
6. The oral agreement provided for Washburn to receive $40.00 per hour as compensation for his services under the Frito-Lay contract.
7. Frito-Lay was to be billed at an hourly rate of $40.00 per hour for the services performed by Washburn and Honea.
8. Washburn performed 18.5 hours of services for Frito-Lay for which he did not receive payment.
9. The value of the 18.5 hours for which Washburn did not receive payment was $740.
10. "Since [Washburn] was not paid for 18.5 hours of work performed for Frito-Lay under his oral agreement with [Honea], he is entitled to recover the sum of $740.00 as the reasonable value for such work."

The record also contains a full statement of facts.

Washburn alone appeals. In four points of error he contends:

1. There is no evidence to support the finding that his fee for the computer services he rendered in late August or early September, 1974, was $300.
2. There is no evidence to support the finding that he performed only 18.5 hours of computer services under the Frito-Lay contract for which he did not receive payment.
3. There is no evidence to support the finding that the value of the 18.5 hours for which he did not receive payment was only $740; or, alternatively, this finding is against the great weight and preponderance of the evidence.

▮ In testing a "no evidence" point, we may consider only the proof and infer-

ences which support the questioned finding. In resolving a "great weight and preponderance of the evidence" point, we must consider all proof in the record relating to the questioned finding.

Washburn testified that Honea agreed to pay him $600 for the work he did in late August or early September, 1974. Honea denied that he agreed to pay any set sum for the work. Nevertheless, through a series of insufficient checks which were finally paid, Honea gave Washburn $300 as compensation for the work soon after it was completed. Washburn accepted this sum and forgot about the matter. It was so removed from his thoughts when he filed this suit in the Spring of 1976, that he would not have included the $600 count if his wife had not prompted him to do so.

■ These circumstances support the court's finding that Washburn's true fee for the work was $300. Additionally these facts support implied findings of dispute over the fee, settlement, and payment, upon which the court based its conclusion of accord and satisfaction. This basis for the judgment denying Washburn's $600 claim has not been challenged.

Washburn and Honea rendered computer services for Frito-Lay in January, February, and March, 1976. Their charge to Frito-Lay was $40 per hour of services rendered. Honea invoiced Frito-Lay for the total hours of both men, and Frito-Lay issued its checks payable to Honea for the services. Honea then issued his check to Washburn. Washburn testified that he and Honea were to evenly split the proceeds received from Frito-Lay. Honea denied this. He said that Washburn was his employee in the Frito-Lay venture, and that Washburn was to receive $40 per hour for the work performed only by Washburn for which Frito-Lay was billed. Honea kept a record of his hours and Washburn's hours for which he invoiced Frito-Lay. Washburn did not keep this record. Excepting the $1,480 paid into the registry of the court, Frito-Lay paid invoices totaling $17,060 during the time in question. This was for 426.5 hours. During this time, Honea paid Washburn $7,240. Claiming he was entitled to one-half the sum paid by Frito-Lay, Washburn said he should have received $8,530. He also claimed one-half of the $1,480. Honea's records show that the $17,060 represented 253 hours of his work and 173.5 hours by Washburn, and that the $1,480 was for hours rendered only by him. He claimed, therefore, that Washburn should only have received $6,940 and was overpaid $300. Honea sought this difference plus all of the $1,480.

■ It was the trial judge's prerogative and duty as trier of the facts to weigh all of the evidence, pick out what he believed to be its most credible parts, and make his determinations accordingly. The evidence we have recited supports an implied finding that the $7,240 paid to Washburn by Honea from the $17,060 paid to Honea by Frito-Lay was the exact amount to which Washburn was entitled. This brings us to the $1,480. Washburn testified he was entitled to one-half of it. The court awarded him that amount. This award represents 18.5 hours of work at $40 per hour. The finding that the value of the 18.5 hours for which Washburn had not been paid was $740 is abundantly supported by the proof, and is not against the great weight and preponderance of the evidence.

The judgment is affirmed.