**OAK CREEK HOMES, INC., Appellant,**

v.

**Lester A. JONES, Appellee.**

No. 10–87–115–CV.

Court of Appeals of Texas,
Waco.

March 17, 1988.

Beverly Willis Bracken, Naman, Howell, Smith & Lee, P.C., Waco, for appellant.

R. John Cullar, Mills, Millar & Matkin, Waco, for appellee.

HALL, Justice.

This is an appeal from a default judgment awarding appellee Lester A. Jones a recovery of $25,446.98 from appellant Oak Creek Homes, Inc., for damages to appellee's Airstream travel trailer that appellee alleged were caused by the negligence of appellant's employee, James Travis Tidwell, when a mobile home owned by appellant that was being towed by a truck driven by Tidwell collided with appellee's travel trailer on Interstate Highway 35 in McLennan County. The judgment recites that appellee was plaintiff in the trial court; that appellant and its employee Tidwell were defendants; that appellant, "although having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default"; and that the defendant Tidwell was not served and was dismissed from the suit by appellee. The judgment also recites that upon evidence presented the court found that appellee had been damaged in the following amounts: (1) $12,900 for the difference between the fair market value of his travel trailer before the wreck and after the wreck; (2) $161.33 for loss and repair of personal property; (3) $4,000 for loss of value of a lifetime warranty on the travel trailer; (4) $7,933.55 for loss of use of the travel trailer; and (5) $452.10 for prejudgment interest. These damages were all pleaded for by appellee.

Appellant's answer was due to be filed by 10:00 a.m. on Monday, March 2, 1987, but it was not filed by that time. Soon after the noon hour on that day, March 2, 1987, the trial court heard appellee's proof for a default judgment. Proof was made on the damages set forth above that were awarded in the judgment, excepting the prejudgment interest that was established as a matter of law. At the conclusion of this proof the trial judge stated, "I'll grant all the relief you've asked for." The judge then made the following notation on the court docket sheet: "3-2-87. Default judgment. Derwood Johnson, Judge."

The docket sheet was returned to the office of the district clerk and marked as filed there at 1:38 p.m., March 2, 1987. At this same time, appellant's answer to appellee's petition was being filed with the clerk, and this answer was also marked by the clerk as filed at 1:38 p.m., March 2, 1987. Later that afternoon, a written judgment was signed by the trial judge and then filed with the clerk at 3:49 p.m.

Appellant filed a timely motion for new trial asserting as grounds therefor that (1) when the default judgment was rendered appellant had an answer on file in the case and had not received notice of the hearing upon which the judgment was based; and (2) if the answer was not filed on time, (a) the failure to file the answer was not intentional or the result of conscious indifference, but was due to accident, mistake, and inadvertence, (b) appellant had a meritorious defense to appellee's claim, (c) the granting of a new trial would not cause harm, prejudice, or undue delay to appellee's suit; and (3) the evidence adduced at the default judgment hearing was (a) legally insufficient or (b) factually insufficient to support the damages awarded by the court, especially the award of $7,933.55 for loss of use of appellee's travel trailer.

Appellant asserts under its first point of error that at the time it filed its answer at 1:38 p.m. the trial court had not rendered judgment, and that judgment was not rendered until later when the trial judge signed the written judgment. Appellant argues that the trial judge's statement, "I'll grant all the relief you've asked for," made to appellee at the conclusion of the hearing for the default judgment, did not constitute a rendition of judgment because (1) the language used in the statement was an expression of a future intent to render judgment in a certain way, but it was not the actual rendition of judgment; (2) at the time the statement was made, appellee had not requested a judgment for any particular dollar amount; and (3) the court did not render judgment for any dollar amount until the written judgment was signed awarding plaintiff the sum of $25,446.98. We hold that judgment was rendered when the trial judge orally announced that he was "granting all the relief asked for."

A judgment routinely goes through three stages: rendition, reduction to writing, and entry. A judgment is "rendered" when the court's decision upon the matter submitted to it for adjudication is officially announced either orally in open court or by memorandum filed with the clerk. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953); *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex.1982). The subsequent reduction of the pronouncement to writing signed by the court is a ministerial act of the court conforming to the provision of paragraph two of Rule 306a, Tex.Rules Civ.Proc., that calls for "all judgments, decisions and orders of any kind to be reduced to writing and signed by the trial judge with the date of signing stated therein." The latter does not change the date of a prior rendition to the date of the signing of the written draft. *Knox v. Long*, supra. A judgment is "entered" when it is spread upon the minutes of the trial court by a purely ministerial act of the clerk of the court, and "entered" is synonymous with neither "signed" nor "rendered" when used in relation to a judgment or the date of the judgment. *Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex. 1978).

The date a formal written judgment is signed is significant, for it begins the specified periods of time for filing the various documents in connection with an appeal, but the Rule so providing states further that "this rule shall not determine what constitutes rendition of a judgment or order for any other purpose." Subdivision 1, Rule 306a, supra.

Rule 301, Tex.Rules Civ.Proc., provides that "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity." In the case before us, when the trial judge stated to appellee, "I'll grant all the relief you've asked for," appellee had pleaded for every item of damages that was included in the formal writ-

ten judgment later signed by the judge, and he had proved the exact amounts for those damages, and only those amounts, that were included in the written judgment. Rendition of judgment "is the judicial act by which the court settles and declares the decision of the law upon the matters at issue." *Comet Aluminum Company v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970). In our case this was done when the trial judge pronounced in open court upon undisputed pleadings and undisputed proof, at the conclusion of the hearing for the default judgment, when there was no need for further consideration or judicial reasoning by the court, that he was awarding the plaintiff in the case "all the relief you've asked for." That this pronouncement was intended by the trial judge as the rendition of judgment is supported by his immediate docket notation, "default judgment," followed by his signature, and by the overruling of the motion for new trial in which appellant raised before the same trial judge the complaint he now presents to us. At the hearing on the motion for new trial the trial judge was entitled to consider his docket entry and also to rely on his personal recollection in deciding whether he had rendered judgment by the oral pronouncement. *Bockemehl v. Bockemehl,* 604 S.W.2d 466, 469 (Tex.Civ.App.—Dallas 1980, no writ).

■ Appellant contends in its next three points of error that even if it did not have an answer on file when the default judgment was rendered, it was entitled to a new trial under the rule in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). This case provides as follows:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

Although we believe that appellant's motion for new trial set up a meritorious defense and was filed at a time when the granting of it would have occasioned no delay and would not have otherwise worked an injury to the plaintiff, we must agree with appellee that the trial court was entitled under the evidence submitted in support of the motion to determine that the failure of appellant and its representative to answer before judgment was intentional or the result of conscious indifference. This finding is implied in the court's order denying the motion for new trial, since findings of fact were not requested of the court or filed. *Lassiter v. Bliss,* 559 S.W. 2d 353, 358 (Tex.1977).

■ The parties did not have an evidentiary hearing for the presentation of testimony by witnesses on the motion for new trial, but followed the procedure used in *Ward v. Nava,* 488 S.W.2d 736, 737 (Tex.1972), and tried the fact issues raised in the motion by affidavits. The burden was on appellant to establish by a preponderance of the evidence that its failure to answer before judgment was not intentional or the result of conscious indifference. *Id.* at 738. As trier of the facts, it was the trial judge's prerogative and duty to weigh all the evidence, pick out what he believed to be its most credible parts, and make his determinations accordingly. *Washburn v. Honea,* 553 S.W.2d 956, 959 (Tex.Civ.App. —Waco 1977, no writ).

The evidence was undisputed that appellee's suit was filed on January 27, 1987, and appellant was served with citation and a copy of appellee's petition on February 4, 1987, at appellant's office in Dallas. The essence of affidavits filed by appellant in support of its motion for new trial was that appellant's officers and employees did not know what insurance company and insurance adjuster were responsible for handling appellee's claim until February 27, 1987, when they learned that Wesley Harris, an adjuster for Crawford and Company in Amarillo, had that responsibility, and that on that date they mailed the citation and the copy of the petition to Harris, after speaking with him about the matter on the

telephone. Harris testified in his affidavit that on the morning of Monday, March 2, 1987, after receiving the suit papers that had been mailed to him from appellant's Fort Worth office on the preceding Friday, he attempted to contact Jerry Campbell, an attorney with a law firm in Waco; that he was finally able to reach Campbell shortly after noon on that day, at which time he relayed to Campbell the information contained in the suit papers that he had received; and that he requested Campbell to file an answer on behalf of both named defendants in the suit papers. He did not mention in his affidavit whether he had ever spoken with appellee's attorney about appellee's claim for damages. Campbell testified in his affidavit that when he returned to his office "shortly after noon" on March 2, 1987, he found a message that Harris was attempting to reach him; that he immediately called Harris and learned about the lawsuit and that Harris wanted an answer filed; that he called the office of the district clerk where the suit was filed at approximately 12:10 p.m. and learned that no default judgment had been taken; that because it was the noon hour, support staff personnel were not immediately available to prepare an answer; that as soon as support staff returned from lunch he prepared an answer on behalf of both defendants and caused the answer to be filed at 1:38 p.m.

Appellee filed controverting affidavits, including the affidavit of his attorney. This attorney testified that on November 25, 1986, he contacted Wesley Harris, the insurance adjuster in Amarillo with Crawford and Company; that Harris said he was the insurance adjuster responsible for handling appellee's claim against appellant; that over the next two months he and Harris had several communications by telephone and mail attempting to negotiate a settlement of appellee's claim; that on January 21, 1987, he told Harris in a telephone conversation, after they were unable to settle the claim, that a suit would be filed "shortly"; that he filed the suit on January 27th; that his secretary received a telephone call for him from Harris at 4:27 p.m. on the afternoon of Friday, February 27,

1987, but he was in conference with a client; that he returned the call to Harris at 5:03 p.m.; that during this telephone conversation Harris asked him if he would agree not to seek a default judgment against appellant on the following Monday, March 2, 1987; that he told Harris that he could not make such an agreement and that he would act to protect his client's interests by taking a default judgment if an answer was not timely filed; that at approximately 11:15 a.m. on Monday, March 2, 1987, he telephoned the district clerk's office and learned that an answer had not been filed by appellant; and that the default judgment in question was taken at about 1:30 p.m. on March 2, 1987.

Where a party relies on his agent or representative to file an answer, he must show that failure to answer was not intentional or the result of conscious indifference of either the party or his representative. *Carey Crutcher v. Mid-Coast Diesel Services*, 725 S.W.2d 500, 502 (Tex.App.—Corpus Christi 1987, no writ). The evidence before us would support a finding that Harris made a conscious decision not to file an answer until after he had spoken with Jerry Campbell about the case, or at least that he was indifferent about the matter of filing an answer by 10:00 a.m., because he did not seek assistance from another attorney in Campbell's firm or some other firm although he had full knowledge (1) that the case was ripe for the taking of a default judgment after 10:00 a.m. without an answer on file, (2) that no answer had been filed, and (3) that appellee's attorney intended to take the default judgment. Following the rules set forth in *Pool v. Ford Motor Company*, 715 S.W.2d 629, 635 (Tex.1986), and *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980), we hold the evidence was both legally and factually sufficient to support the trial court's implied finding that Harris's failure to have an answer filed before the default judgment was taken was intentional or the result of conscious indifference and not due to accident or mistake.

Appellant next asserts that the trial court's awards of damages for both a total

loss of appellee's travel trailer and for the loss of use of the trailer was erroneous because it constituted a double recovery. This complaint was not preserved for appellate review because it was never presented to the trial court for a ruling. Rule 52(a), Tex.Rules App.Proc., provides in part:

> In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

Appellant could have presented its complaint about a double recovery to the trial court by way of a motion to modify, correct, or reform the judgment, filed under the provisions of Rule 329b(g), Tex.Rules Civ.Proc., along with its motion for new trial.

 Appellant's remaining complaint questions the sufficiency of the evidence to support the trial court's awards of $7,933.55 for the loss of use of the travel trailer and $4,000 for the loss of appellee's personal lifetime warranty on the travel trailer. Our review of the record under the applicable rules convinces us that the evidence was both legally and factually sufficient on both elements of damages.

The judgment is affirmed.