**In the Interest of R.A.H., a child.**

**No. 11-02-00369-CV.**

Court of Appeals of Texas, Eastland.

July 10, 2003.

---

Claudia Evans Clinton, Law Offices of Claudia Evans Clinton, Tim Copeland, Abilene, for appellant.

Bob Lindsey, Lynn Houghton, Asst. Atty. Gen., Abilene, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

W.G. ARNOT, III, Chief Justice.

R.A.H. was born on April 18, 1995. On June 3, 1997, Robert Luis Avila filed a petition for voluntary paternity of R.A.H. The trial court held a hearing on the petition on August 27, 1997. On September 26, 1997, the trial court entered a decree of paternity establishing Avila as the father of R.A.H. On September 26, 2001, Christopher R. Jojola filed a petition to contest acknowledgment of paternity and a petition to establish his paternity of R.A.H. Avila filed a motion to dismiss Jojola's petition, arguing that Jojola had no standing to bring the petition and that the suit was barred by limitations. On October 29, 2002, the trial court entered an order dismissing Jojola's petition, stating that the claim was barred by limitations. It is from this order that Jojola appeals. We affirm.

In three issues, appellant argues that the trial court erred in finding that his petitions to contest acknowledgment of paternity and to establish his paternity were barred by limitations, that the trial court erred in finding that Avila's paternity was adjudicated on August 27, 1997, and that the trial court did not consider the best interest of the child in dismissing Jojola's petition. TEX. FAM. CODE ANN. § 160.609(b) (Vernon 2002) provides:

> If a child has an acknowledged father or an adjudicated father, an individual, other than the child, who is not a signatory to the acknowledgment or a party to the adjudication and who seeks an adjudication of paternity of the child must commence a proceeding not later than the fourth anniversary of the effective date of the acknowledgment or adjudication.

Avila contends that Section 160.609(b) does not apply and that we should apply the law in effect in 1997 which barred a suit seeking to establish parentage for a child with an adjudicated father. See former TEX. FAM. CODE § 160.007(a) (1996). We disagree.

TEX. FAM. CODE ANN. § 160.001 (Vernon 2002) provides that Chapter 160 of the Family Code is to be applied and construed to promote uniformity of the law among the states that enact the Uniform Parentage Act. The Historical and Statutory Notes with respect to Section 160.001 state:

> The change in law made by this Act applies to a motion or other request for relief made in a parentage or paternity proceeding that is commenced on or after the effective date [June 14, 2001] of this Act. A motion or request for relief in a parentage or paternity proceeding commenced before the effective date of this Act is governed by the law in effect at the time the proceeding was commenced, and the former law is continued in effect for that purpose.

Section 3.02 of Acts 2001, 77th Leg., ch 821. Because Jojola filed his petition contesting acknowledgment of paternity and seeking to establish his paternity of R.A.H. on September 26, 2001, we find that the current Section 160.609(b) is applicable.

In a letter to counsel, the trial court stated that paternity was adjudicated on

August 27, 1997, the date of the hearing on Avila's petition for voluntary paternity. The trial court later entered an order finding that Jojola's claim was barred by limitations. Section 160.609(b) allows an individual to bring a proceeding for adjudication of paternity not later than "the fourth anniversary of the effective date of the acknowledgment or adjudication." The question before us is the "effective date" of the adjudication establishing Avila as the father of R.A.H.

A judgment routinely goes through three stages: (1) rendition, (2) signing, and (3) entry. *General Electric Capital Auto Financial Leasing Services, Inc. v. Stanfield*, 71 S.W.3d 351 (Tex.App.-Tyler 2001, pet'n den'd); *In re Wilburn*, 18 S.W.3d 837, 840 (Tex.App.-Tyler 2000, pet'n den'd); *Oak Creek Homes, Inc. v. Jones*, 758 S.W.2d 288, 290 (Tex.App.-Waco 1988, no writ). The judgment becomes effective once it is "rendered." *General Electric Capital Auto Financial Leasing Services, Inc. v. Stanfield*, supra at 354; *In re Wilburn*, supra at 840. A judgment is "rendered" when the matter submitted to it for adjudication is officially announced either orally in open court or by memorandum filed with the clerk. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex.1982); *In re Wilburn*, supra. The subsequent reduction of the pronouncement to a writing signed by the court is a ministerial act of the court provided for in TEX.R.CIV.P. 306a(2). *Oak Creek Homes, Inc. v. Jones*, supra. Rule 306a(2) calls for "all judgments, decisions and orders of any kind to be reduced to writing and signed by the trial judge with the date of signing stated therein." This does not change the date of a prior rendition to the date of the signing of the written draft. *Oak Creek Homes, Inc. v. Jones*, supra. A judgment is "entered" when it is spread upon the minutes of the trial court by a purely ministerial act of the clerk of the court, and "entered" is synonymous with neither "signed" nor "rendered" when used in relation to a judgment or the date of the judgment. *Oak Creek Homes, Inc. v. Jones*, supra.

The trial court's docket entries state that on August 27, 1997, the trial court (1) found that Avila admitted paternity of R.A.H., (2) established Avila as the possessory conservator of R.A.H., and (3) arranged the visitation schedule for R.A.H. The record indicates that the trial court rendered its judgment adjudicating Avila to be the biological father of R.A.H. on August 27, 1997. Therefore, Jojola had four years from the effective date of the adjudication, August 27, 1997, to bring his suit challenging the adjudication. Because Jojola filed his suit contesting Avila's acknowledgment of paternity for R.A.H. on September 26, 2001, the trial court did not err in finding the suit barred by limitations. We have considered all of Jojola's issues on appeal, and we overrule each of his contentions.

The judgment of the trial court is affirmed.