**David B. SMITH, Appellant,**

v.

**J–HITE, INC., Appellee.**

No. 11–02–00156–CV.

Court of Appeals of Texas, Eastland.

Dec. 18, 2003.

David B. Smith, Merkel, pro se.

Chris C. Pappas, James V. Hewitt, David Mullican Jr., Dunn, Kacal, Adams, Pappas & Law, Houston, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

PER CURIAM.

This appeal arises out of a proceeding filed by appellee, J–Hite, Inc., to confirm an arbitration award. Appellant, David B. Smith, originally filed suit in state district court against appellee on October 12, 1999, with respect to his purchase of a manufactured home from appellee. Appellee responded to appellant's original petition by asserting that his claims were subject to binding arbitration as a result of various documents executed by appellant. The trial court sustained appellee's arbitration contention by dismissing appellant's suit and referring the controversy to arbitration. Pursuant to the trial court's order, the parties initiated arbitration proceedings with the American Arbitration Association. The parties' disputes were heard by an arbitrator in a hearing conducted from June 13, 2001, through June 15, 2001. The arbitrator issued his arbitration award on July 18, 2001. The arbitrator awarded a net recovery in favor of appellant in the amount of $1,814.16. Appellee forwarded a check to appellant for the amount of his net recovery on August 7, 2001.

Appellee filed an application in state district court on October 23, 2001, seeking the entry of a judgment confirming the arbitration award. Appellant responded to the application for confirmation by filing on November 16, 2001, a pleading entitled "Respondent's Answering Statement and Complaint." Appellant filed this pleading pro se. Appellant sought in this pleading to have the arbitration award set aside on several grounds, including corruption between appellee and the arbitrator, partiality of the arbitrator, and misconduct by the arbitrator. Appellee filed a motion for summary judgment on January 28, 2002, which the trial court granted on April 24, 2002. Appellant raises 10 points of error attacking the trial court's entry of summary judgment in favor of appellee. We affirm.

■ The trial court's order granting summary judgment does not specify the grounds upon which it was based. When a trial court's order granting summary judgment does not specify the ground or grounds relied upon for its ruling, summary judgment will be affirmed on appeal if any of the summary judgment grounds advanced by the movant are meritorious. *Dow Chemical Company v. Francis*, 46 S.W.3d 237, 242 (Tex.2001); *Carr v. Brash-*

*er,* 776 S.W.2d 567, 569 (Tex.1989). Appellee's motion sought summary judgment on two grounds. Appellee alleged in the first ground that appellant's attempt to set aside the arbitration award was barred by limitations. In the second ground, appellee alleged that there was no evidence of any grounds sufficient to set aside the arbitration award.

Appellant's fifth, sixth, seventh, and eighth points of error address appellee's limitations contention. Appellee asserts that a provision of the Federal Arbitration Act (FAA) bars appellant's attempt to set aside the arbitration award more than 90 days after its entry. *See* 9 U.S.C.A. § 12 (West 1999).[1] When reviewing a traditional motion for summary judgment, the following standards apply: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association,* 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 676 (Tex.1979).

Appellant executed a written document entitled "RETAIL INSTALLMENT CONTRACT, SECURITY AGREEMENT, WAIVER OF TRIAL BY JURY, AND AGREEMENT TO ARBITRATION OR REFERENCE OR TRIAL BY JUDGE ALONE" in connection with his purchase of the manufactured home from appellee. The contract contains the following provisions dealing with arbitration:

ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL:

a. Dispute Resolution. Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.

b. Arbitration. Since this Contract touches and concerns interstate

---

1. As used herein, the terms "Federal Arbitration Act," "FAA," and "United States Arbitration Act" refer to Title 9 of the United States Code.

commerce, an arbitration under this Contract shall be conducted in accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this Contract. The Commercial Rules of the American Arbitration Association ("AAA") also shall apply. The arbitrator(s) shall follow the law and shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s). The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final. Judgment upon the award may be entered in any court having jurisdiction, and no challenge to entry of judgment upon the award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice.

Section 12 of the FAA provides that notice of a motion to vacate an arbitration award must be served upon the adverse party or his attorney within three months after the arbitration award is filed or delivered.[2] Section 12 effectively establishes a 3 month limitations period for filing a motion to vacate an arbitration award. *See Eurocapital Group Ltd. v. Goldman Sachs & Company,* 17 S.W.3d 426, 430–31 (Tex. App.-Houston [1st Dist.] 2000, no pet'n).

■ Appellant argues in his sixth point of error that the trial court erred in applying Section 12 to his attack of the arbitration award. Appellant contends that the three-month deadline in Section 12 only applies to an independent motion to vacate

an arbitration award. He asserts that Section 12 does not apply to his challenge because he filed his request to vacate the arbitration award in response to appellee's application for an order confirming the award. Appellant cites three U.S. District Court opinions in support of this proposition. *See Chauffeurs, Teamsters, Warehousemen and Helpers Local Union No. 364 v. Ruan Transport Corporation,* 473 F.Supp. 298 (N.D.Ind.1979); *Paul Allison, Inc. v. Minikin Storage of Omaha, Inc.,* 452 F.Supp. 573 (D.Neb.1978); and *Riko Enterprises, Inc. v. Seattle Supersonics Corporation,* 357 F.Supp. 521 (S.D.N.Y. 1973). The U.S. District Court for the Southern District of Texas rejected the holdings of these three cases in *Tokura Construction Co., Ltd. v. Corporacion Raymond, S.A.,* 533 F.Supp. 1274, 1276–78 (S.D.Tex.1982). We agree with the holding reached in *Tokura* that the 3–month deadline contained in Section 12 applies to any attempt to vacate an arbitration award. *See Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 174–75 (2nd Cir.1984). Appellant's sixth point of error is overruled.

■ Appellant asserts additional grounds for escaping the application of Section 12 in his fifth point of error. He first asserts that his challenge to set aside the arbitration is a counterclaim subject to the timing requirements of TEX. CIV. PRAC. & REM. CODE ANN. § 16.069 (Vernon 1997). Appellant supports this assertion by noting that the contract contains a Texas choice-of-law provision. We disagree with appellant's contention that the timeliness of his challenge to the arbitration award is subject to Section 16.069. The arbitration clauses of the contract expressly state that the provisions of the FAA control the arbitration proceedings

**2.** As used herein, "Section 12" refers to 9 U.S.C.A. § 12 (West 1999).

"notwithstanding any choice of law provision in this Contract." Furthermore, the court in *Eurocapital* held that the 3–month deadline in Section 12 governs all attempts to vacate arbitration awards governed by the FAA. *Eurocapital Group Ltd. v. Goldman Sachs & Company, supra* at 430–431.[3]

■ Appellant additionally argues that Section 12 is inapplicable as a result of the following provision in the contract: "[N]o challenge to entry of judgment upon the award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice." Appellant contends that Section 12 does not apply because the contract only referenced Section 10 of the FAA.[4] Section 10 sets out the grounds for vacating an arbitration award governed by the FAA while Section 12 establishes the time limitation for bringing such a challenge on the grounds listed in Section 10. *See Eurocapital Group Ltd. v. Goldman Sachs & Company, supra* at 431. As noted by the court in *Eurocapital,* Sections 10 and 12 are complimentary enforcement provisions intended to promote the federal policy favoring arbitration. *Eurocapital Group Ltd. v. Goldman Sachs & Company, supra* at 431. We disagree with appellant's contention that the contract's omission of a specific reference to Section 12 renders the provision inapplicable. Appellant's fifth point of error is overruled.

■ In his seventh point of error, appellant contends that the trial court erred in calculating the date upon which the time limitation of Section 12 began to run. Section 12 provides that the 3–month period commences when the arbitration award is "filed or delivered." Appellant acknowledged in his response to the motion for summary judgment that he received the arbitration award on July 24, 2001. Appellant initially responded to the arbitration award by filing a motion for reconsideration with the arbitrator on July 30, 2001. The arbitrator denied the motion for reconsideration on August 3, 2001. Appellant received a copy of the denial on August 7, 2001. Appellant argues on appeal that the limitations period commenced on August 7, 2001, because that is the date that he received the arbitrator's final ruling. Assuming, without deciding, that the pendency of appellant's motion for reconsideration tolled the limitations period set out in Section 12, the date of August 7, 2001, is more than three months prior to the date that appellant filed his challenge to the arbitration award (November 16, 2001). Accordingly, appellant's contention regarding the accrual date does not require a reversal of the trial court's grant of summary judgment. Appellant's seventh point of error is overruled.

■ Appellant argues in his eighth point of error that the trial court erred in denying his request for equitable tolling of the limitations period set out in Section 12. In support of this argument, appellant relies on his attempt to set aside the arbitration award by filing a lawsuit in federal district court on August 1, 2001. Appellant filed his complaint in federal court pro se. Appellant did not pay a filing fee with

3. As noted by the court in *Eurocapital,* the Texas General Arbitration Act also contains a 90 day limitation for seeking to vacate an arbitration award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(b) (Vernon Supp.2003); *Eurocapital Group Ltd. v. Goldman Sachs & Company, supra* at 430 n. 4.

4. As used herein, "Section 10" refers to 9 U.S.C.A. § 10 (West Supp.2003).

the federal court. Instead, he sought to prosecute the federal action as a pauper. The federal court denied appellant's request to proceed as a pauper by dismissing his claim without prejudice on September 4, 2001. Appellant asserts that the 3–month limitations period should be tolled during the period of time that his federal complaint remained pending.

Few Texas cases have addressed the concept of equitable tolling. Equitable tolling applies in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the following deadlines to pass. *Czerwinski v. The University of Texas Health Science Center at Houston School of Nursing*, 116 S.W.3d 119, 122–23 (Tex.App.-Houston [14th Dist.] 2002, pet'n den'd)(citing *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir.1992)). The appellate record does not support appellant's contention that the trial court erred in denying appellant's request for equitable tolling. While appellant did file a proceeding in federal court to vacate the arbitration award within the 3–month period, appellant's federal complaint was not dismissed because of a pleading defect. Instead, the federal complaint was dismissed because the federal court denied appellant's request to proceed as a pauper. The dismissal date of the federal complaint (September 4, 2001) afforded appellant at least 6 weeks to re-file his claim to set aside the arbitration award within the 3–month period provided by Section 12. Appellant's eighth point of error is overruled.

In his tenth point of error, appellant presents the general contention that the trial court erred in granting summary judgment in favor of appellee. As set forth in our discussion of appellant's fifth, sixth, seventh, and eighth points of error, we have determined that the trial court did not err in granting summary judgment on appellee's limitations claim. Accordingly, appellant's tenth point of error is overruled. We need not address appellant's first, second, third, fourth, and ninth points of error because they address appellee's no-evidence contention under Rule 166a(i). Our determination that summary judgment was proper on appellee's limitations contention renders these points of error moot.

The judgment of the trial court is affirmed.