In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00005-CV
______________________________


CHRISTOPHER FAULKNER AND
CI HOST, INCORPORATED, Appellants
 
V.
 
HERB STARK, d/b/a STARK OUTDOOR ADVERTISING, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 2003-1875-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Herb Stark, d/b/a Stark Outdoor Advertising, sued Christopher Faulkner and CI
Host, Incorporated (collectively, CI Host) for breach of contract, seeking damages alleged
to have been incurred by reason of CI Host's failure to pay for outdoor advertising materials
and services. When CI Host failed to answer Stark's petition, the trial court rendered a
default judgment against CI Host and awarded Stark $22,000.00 damages, plus attorney's
fees. CI Host then filed a motion for new trial, which was denied after a hearing. CI Host
appeals, claiming the court abused its discretion.
          The record shows that CI Host was served with citation by certified mail August 22,
2003, making their answer due on or before 10:00 a.m. Monday, September 15, 2003. 
Tex. R. Civ. P. 99, 106. When no answer was filed, Stark obtained a default judgment
November 12, 2003. CI Host then filed a motion for new trial, asserting that their counsel
had died unexpectedly September 18, 2003, and that they were unaware he had not filed
an answer.
          The trial court's decision on a motion for new trial is reviewed for an abuse of
discretion. Cliff v. Huggins, 724 S.W.2d 778, 778–79 (Tex. 1987). The record does not
contain findings of fact or conclusions of law. Therefore, the judgment must be upheld on
any legal theory that finds support in the evidence. Lassiter v. Bliss, 559 S.W.2d 353, 358
(Tex. 1977). To grant a motion for new trial after default judgment, the trial court must
determine that: (1) the defendant's failure to answer before judgment was not intentional
or the result of conscious indifference on the defendant's part, but was due to a mistake
or accident; (2) the motion for new trial sets up a meritorious defense; and (3) the motion
is filed at a time when its granting would not result in a delay or otherwise injure the
plaintiff. Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126
(1939). Stark contends CI Host offered no evidence to satisfy the first Craddock factor. 
We agree.
          CI Host's motion for new trial asserts that their counsel, James Hill, died
unexpectedly September 18, 2003. In his affidavit attached to the motion, Christopher
Faulkner, CEO of CI Host, Incorporated, avers that:
It is Defendants' belief that Mr. Hill failed to file the appropriate documents
as a result of his untimely death. Defendants acted diligently in obtaining
counsel and instructed counsel to act in this matter and file the appropriate
documents. At all times Defendants were under the impression that Mr. Hill
had taken control of the case and had filed the appropriate documents to
protect their interests.

          Faulkner's affidavit explains why CI Host did not file an answer before judgment, and
it explains why Hill did not file an answer after September 18. What it fails to explain,
however, is why Hill did not file an answer by the deadline of 10:00 a.m. September 15,
three days before his death. Carole Faulkner, new counsel for CI Host (and mother of
Christopher Faulkner) testified at the hearing that there was turmoil in Hill's office as a
result of his untimely death, but she made no attempt to explain why Hill had not
responded to Stark's suit by September 15.
          Where a party relies on an agent or representative to file an answer, such party
must show that failure to answer was not intentional or the result of conscious indifference
of either the party or the party's representative. Oak Creek Homes, Inc. v. Jones, 758
S.W.2d 288, 292 (Tex. App.—Waco 1988, no writ); Carey Crutcher, Inc. v. Mid-Coast
Diesel Servs., Inc., 725 S.W.2d 500, 502 (Tex. App.—Corpus Christi 1987, no writ). The
burden was on CI Host to establish by a preponderance of the evidence that their
attorney's failure to answer within the relevant time period was not intentional or the result
of conscious indifference. See Ward v. Nava, 488 S.W.2d 736, 738 (Tex. 1972). Having
produced no such evidence, CI Host wholly failed to meet their burden. Accordingly, the
trial court did not abuse its discretion in granting the default judgment.
          We affirm the judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      July 13, 2004
Date Decided:         July 30, 2004