ACCEPTED
12-15-00061-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/11/2015 1:29:25 PM
CATHY LUSK
CLERK

No. 12-15-00061-CV

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/11/2015 1:29:25 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS

FOR THE TWELFTH DISTRICT OF TEXAS

IN TYLER, TEXAS

FILED

5/11/2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

ALINEA FAMILY HOSPICE CARE LLC D/B/A ALINEA FAMILY HOSPICE CARE, DONNA JUNKERSFELD, R.N., AND KARLA GAMBLE,

*Appellants*,

**v.**

PEGGY GOLDSMITH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RUTH N. MASSEY,

*Appellee*.

On Appeal from the 294th District Court
Van Zandt County, Texas, Cause No. 13-00276

BRIEF OF APPELLEE

Patrick Powers                          **Counsel for Appellee**
State Bar No. 24013351
Meredith Mathews
State Bar No. 24055180
POWERS TAYLOR LLP
Campbell Centre II
8150 North Central Expressway
Suite 1575

Dallas, Texas 75206
Phone:  214.239.8900
Facsimile:  214.239.8901

## LIST OF PARTIES AND COUNSEL

**Parties to the Trial Court's Order:**

| | |
|---|---|
| Peggy Goldsmith, Individually and on Behalf of the Estate of Ruth N. Massey | Plaintiff/Appellee |
| Alinea Family Hospice Care LLC d/b/a Alinea Family Hospice Care | Defendant/Appellant |
| Donna Junkersfeld, RN | Defendant/ Appellant |
| Karla Gamble, LVN | Defendant/Appellant |

| **Appellants** | **Trial and Appellate Counsel** |
|---|---|
| Alinea Family Hospice Care LLC d/b/a Alinea Family Hospice Care Donna Junkersfeld, RN 404 Karla Gamble, LVN | Jason D. Mazingo The Mazingo Firm, P.C. 305 S. Broadway Ave., Ste.<br><br>Tyler, Texas 75702 903.630.7123 800.771.3589 (facsimile) |

| **Appellee** | **Trial and Appellate Counsel** |
|---|---|
| Peggy Goldsmith, Individually and on Behalf of the Estate of Ruth N. Massey | Patrick Powers Meredith Mathews POWERS TAYLOR, LLP Campbell Centre II 8150 N. Central Expressway, Suite 1575 Dallas, Texas 75206 214.239.8900 214.239.8901 (facsimile) |

i

# TABLE OF CONTENTS

PAGE

List of Parties and Counsel ...................................................................... i

Table of Contents .................................................................................... ii

Index of Authorities .............................................................................. iii

Statement of the Case ............................................................................. 1

Statement Regarding Oral Argument ..................................................... 2

Statement of Jurisdiction ........................................................................ 2

Issues Presented on Appeal ..................................................................... 2

Statement of Facts .................................................................................. 2

Summary of the Argument ...................................................................... 5

Standard of Review ................................................................................. 5

Argument and Authorities ....................................................................... 6

    A. Appellee complied with the Court's June 23, 2014 Order, which superseded and/or amended the Court's May 27th. 2014 Order .......................................... 6

    B. Section 74.351(c) and the cases cited by Appellants are inapplicable because the Court entered a subsequent order setting the statutory amendment period ................................................................................. 8

    C. The Trial Court has the Power to Toll the Time Period for Goldsmith to file her Amended Expert Report ........................................................... 11

Conclusion and Prayer ........................................................................... 12

Certificate of Service ............................................................................. 13

# INDEX OF AUTHORITIES

PAGE

**Cases**

*Am. Transitional Care Ctrs. Of Tex., Inc. v. Palacios*, 46 S.W.3d 873 (Tex. 2001) ............................................................................................. 5

*Baylor College of Medicine v. Pokluda*, 283 S.W.3d 110 (Tex. App.—Houston [14th Dist.] 2009) ............................................................... 6

*Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 (Tex. 1970) ........................ 7

*Constancio v. Bray*, 266 S.W.3d 149 (Tex. App. – Austin 2008, no pet) .............. 10

*Granger v. Aaron's, Inc.*, 636 F.3d 708 (5th Cir. 2011) ........................................ 11

*Knox v. Long*, 257 S.W.2d 289 (1953) ................................................................... 7

*Lewis v. Funderburk,* 253 S.W.3d 204 (Tex. 2008) ............................................... 10

*Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716 (Tex. App. – Houston [14th Dist.] 2011, no pet) ........................................................ 10

*Oak Creek Homes, Inc. v. Jones*, 758 S.W.2d 288 (Tex. App.—Waco, 1988) .... 7, 8

*SSC Robstown Operating Co. LP v. Perez*, 2013 WL 1838597, at *2 (Tex. App. – Corpus Christi, Feb. 28, 2013) .................................................. 10

*Smith v. J-Hite, Inc.*, 127 S.W.3d 837 (Tex. App.—Eastland 2003, no pet.) ......... 11

*Utils. Pipeline Co. v. Am. Petrofina Mktg.*, 760 S.W.2d 719 (Tex. App.—Dallas, 1988, no writ) .......................................................................... 7

**Statutes and Codes**

Tex. R. Civ. P. 74.351(c) ................................................................... 5, 8, 9, 10, 11

This underlying case arises out of a medical negligence claim field by Peggy Goldsmith on behalf of herself and her mother, Ruth Massey (hereinafter "Goldsmith" or "Appellee"). Appellee filed her Original Petition on November 1, 2013 alleging that Appellants Alinea Family Hospice Care, LLC d/b/a Alinea Family Hospice Care, Donna Junkersfeld, R.N., and Karla Gamble, LVN (hereinafter "Alinea" or "Apellants") were negligent in their care and treatment of Ruth Massey, ultimately leading to death due to a fecal impaction.[1] Alinea answered the lawsuit and filed an objection to the expert report served by Appellee.[2] On May 27, 2014, the trial court issued an order giving Goldsmith 30 days to cur the deficient reports, however Appellee was never served with a copy of the report. On June 23, 2014, the trial court issued an order on Alinea's Objections and Motion to Dismiss Goldsmith's expert report, finding good cause to change Appellee's deadline to amend Appellee's Expert Report and providing Goldsmith until July 24, 2014 to serve an amended expert report. Goldsmith timely served her amended expert report on July 22, 2014. However, Alinea sought dismissal of Goldsmith's suit, claiming the amended report was untimely. The trial court denied Alinea's motion to dismiss on February 5, 2015, and on

---

[1] C.R. at 6.
[2] C.R. at 24, 29.

February 20, 2015, Alinea filed its Notice of Appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees believe oral argument would aid the Court in reaching a decision on this case. Oral argument will allow the Parties to explain the application of facts to law, and allow the Parties to answer any questions the Court may have regarding the matter.

## STATEMENT OF JURISDICTION

Appellees do not contest the Court's jurisdiction to hear this appeal.

## ISSUES PRESENTED ON APPEAL

Whether or not the trial court properly denied Appellant's Motion to Dismiss.

## STATEMENT OF FACTS

Appellee filed this lawsuit on November 1, 2013 and Appellants timely answered.[3] On February 5, 2014, Appellee served Appellants with Goldsmith's Chapter 74 Expert Report, prepared by Steven C. Fox, D.O. ("Expert Report"). On February 25, 2014, Appellants file objections to Appellee's Expert Report, and on May 14, 2014 the trial court held a hearing on this motion and took the matter under advisement.

On May 27, 2014, the trial court entered an order sustaining Appellants'

---

[3] C.R. at 6, 24.

objections to Appellee's Expert Report and provided Appellee thirty days to serve Appellants with an amended expert report.[4]  This order was intended to be served on all counsel of record by facsimile.  Unfortunately, Appellee's counsel did not receive a copy of the Court's order because of a typographical error in the facsimile number – Appellee's counsel's facsimile number is (214) 239-8901, but the order mistakenly listed the facsimile number as (214) 239-8401.[5]  As such, Appellee did not receive the order.

On June 18, 2014, the trial court heard objections to Goldsmith's Expert Report filed by another defendant in the case, Dr. Richard Ingrim.[6]  The trial court sustained these objections as well, and entered an order requiring that Appellee serve an amended expert report regarding Dr. Ingrim by July 24, 2014.[7]

At this hearing, Appellee's counsel also informed the trial court that Appellee's counsel had not received the Court's May 27, 2014 order.[8] The trial court requested additional documentary proof to establish lack of service, and counsel agreed to provide this information to the Court.  That same day, on June 18, 2014, Appellee's counsel wrote to the trial court explaining that because of the error in the facsimile number on the order cover sheet, Appellee's counsel did not

---

[4] C.R. at 35
[5] C.R. at 38.
[6] C.R. at 69.
[7] C.R. at 43.
[8] C.R. at 69.

receive a copy of the order from May 27, 2014.[9]

On June 23, 2014, the Court issued a <u>second</u> order on Alinea's Objections and Motion to Dismiss Goldsmith's Expert Report, finding good cause change Appellee's deadline to amend Appellee's Expert Report and providing Appellee until July 24, 2014 to serve an amended expert report.[10] The Court's June 23, 2014 order altered Appellee's deadline to serve an amended expert report related to Appellants Alinea Health, Junkersfeld, and Gamble to the same deadline to amend Appellee's Expert Report as to Dr. Ingrim, which was July 24, 2014.

On July 22, 2014, Appellee timely served Amended Expert Reports on all Appellants in this case.[11] On August 12, 2014, Appellants Alinea, Junkersfeld, and Gamble filed a motion to dismiss Goldsmith's claims, asserting that Appellee did not timely serve an amended expert report as to these Appellants. Goldsmith filed her response to Alinea's motion to dismiss on January 27, 2015.[12] A hearing was held on the motion on January 28, 2015.[13] The trial court denied Appellant's motion to dismiss, finding that Goldsmith acted in reliance of a court order, and timely served the amended report.[14]

---

[9] C.R. at 37.
[10] C.R. at 3.
[11] C.R. at 102.
[12] C.R. at 57.
[13] C.R. at 146.
[14] *Id.*

The appeal should be denied for three primary reasons. First, Appellee was never properly served with a copy of the trial court's May 27, 2014 order. The trial court's May 27, 2014 order was amended and superseded by the trial court's June 23, 2014 order, which is the only order regarding the deadline to serve amended expert reports that the trial court served on Appellee. The deadline set forth in the trial court's June 23, 2014 order is the operative deadline, which Appellee met.

Second, Appellants' reliance on Section 74.351(c) is misplaced – this section does not speak to instances in which an order is not served on a party and is subsequently amended or superseded by a court. In this case, the Court amended the order to change the beginning date of the 30-day period. Appellee met this deadline and timely served amended expert reports.

Third, Goldsmith was acting in reasonable reliance of an order of the trial court, and should not be punished as a result of that reliance.

## STANDARD OF REVIEW

A trial court's denial of a motion to dismiss is reviewed by this Court for an abuse of discretion. *Am. Transitional Care Ctrs. Of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). In order to prove the trial court abused its discretions, Appellants must show the trial court acted in an unreasonable and

arbitrary manner or without reference to any rules or guiding principles. *Baylor College of Medicine v. Pokluda*, 283 S.W.3d 110, 117 (Tex. App.—Houston [14th Dist.] 2009). In other words, Appellants must show the trial court with complete disregard to the law.

**ARGUMENT AND AUTHORITIES**

Appellants claim that the trial court abused its discretion by failing to dismiss Goldsmith's claims against them because Appellee did not timely serve Appellants with an amended expert report. As support for its position, Alinea asserts that because Appellee was made aware of the Court's May 27, 2014 at the June 18, 2014 hearing, Appellee had until 30 days after June 18, 2014 (until July 18, 2014) to serve Appellee's amended expert reports, and serving the amended report on July 22, 2015 was untimely, and dismissal was required.

**A. Appellee complied with the Court's June 23, 2014 Order, which superseded the Court's May 27, 2014 Order.**

On June 23, 2014, the trial court entered an order in this case setting the deadline for Appellee to serve amended reports by July 24, 2014. Although the trial court had previously entered an order on May 27, 2014, Appellee's counsel did not have notice of that order, and the trial court never served Appellee's counsel with a copy of the Order. On June 23, 2014, the Court entered a second order, superseding the trial court's prior May 27, 2014 Order, setting that beginning of the 30-day amendment period to June 23, 2014. This order was

properly served on Appellee's counsel on June 23, 2014.

Under the Court's June 23, 2014 Order, Appellee had until July 24, 2014 to serve amended expert reports. Appellee complied with the Court's deadline by serving amended expert reports on July 22, 2014. Based on this alone, the Court should uphold the trial court's order.

Appellants argue that an entry in the docket sheet cannot take the place of an order of the court. However, Appellants mischaracterize the trial court's June 23, 2014 order as a docket sheet entry. Appellants' brief indicates that an order must reduced to writing, signed by the trial court, and entered in the record. *Utils. Pipeline Co. v. Am. Petrofina Mktg.*, 760 S.W.2d 719, 723 (Tex. App.—Dallas, 1988, no writ). The June 23, 2014 is labeled as an order of the court, it is written, and it was signed by the judge, giving it all of the hallmarks of an order.

Rendition of a judgment occurs when the trial court's decision upon a matter submitted to it is officially announced either in open court or by a memorandum filed with the clerk. *Knox v. Long*, 257 S.W.2d 289, 292 (1953); *Oak Creek Homes, Inc. v. Jones*, 758 S.W.2d 288 (Tex. App.—Waco, 1988). Rendition is defined as "the judicial act by which the court settles and declares the decision of the law upon the matters at issue." *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970). A subsequent writing of the order and signing by the court is merely a ministerial act by the trial court, but does not change the

rendering of the order. *Oak Creek Homes*, 758 S.W.2d at 290. In the action below, the trial court filed a memorandum with the clerk when the court entered its order on the docket sheet. As a result, the notation on the docket sheet does function as an order of the court on which Goldsmith could rely.

In addition, the matter required the rendition of a second order because the trial court did not make the determination at the June 18, 2014 hearing that Goldsmith would be permitted to amend her report.[15] In fact, the record is clear that the trial court required counsel to essentially offer proof to the trial court that Goldsmith's counsel never received notice of the motion. The trial court did not make a decision on Goldsmith's request until June 23, 2014, at which time the second order, superseding the May 27, 2014 order, was rendered.[16]

**B.    Section 74.351(c) and the cases cited by Appellants are inapplicable because the Court entered a subsequent order setting the statutory amendment period.**

Appellants argue that the Court has no discretion to allow Appellee longer than 30 days to amend Appellee's expert reports. Appellants rely upon Section 74.351(c) in support of their claim. However, this section and the cases interpreting this section are not applicable to this issue presented in this case. Here, the trial court never actually served the original order on Appellee, but entered a superseding order that changed the beginning of the 30-day amendment

---

[15] C.R. at 82 – 84.
[16] C.R. at 3.

period.  Appellee has not been granted more than 30 days to amend.

Section 74.351(c) relates to instances in which a court finds that an expert report has not been served (including a timely served but "deficient" report) within the 120-day period.  In such a case, a trial court has the discretion to enter an order granting a 30-day extension to serve an amended expert report.   If the 120-day period has not yet run at the time of the extension, the amending party's deadline to amend is 30 days plus the remaining time under the 120-day deadline.  If the 120-day period has run at the time that the request for the amendment is granted, the 30-day period does not start to run until the amending party actually receives notice of the order granting the extension.  *See* TEX. R. CIV. P. 74.351(c).  The rationale for this rule is clear – if a court sustains a party's objections to expert reports before the 120-day period runs, the amending party's remaining time under the 120-day deadline should not be cut short.  Conversely, if a court grants a 30-day extension after the 120-day deadline has run, but the amending party does not get a copy of the order granting the extension until after the order date, it would be unfair to require a party to amend with less than the statutorily-prescribed 30 day period.  However, this is not the case here.

Here, Appellee was never served a copy of the Court's May 27, 2014 order by the trial court.  It was not until June 18, 2014, that counsel for Defendant Dr. Ingrim e-mailed counsel a copy of the order.  Further, the trial court actually

entered an entirely separate order that superseded the previous order. Section 74.351(c) does not address either of these issues – (i) when a Court does not serve an amending party with the order granting the 30-day extension or (ii) when an entirely separate order is entered that alters the beginning date of the amendment period. Nor do any of the cases cited by Appellants that have interpreted this section. Further, the cases cited by Appellants also do not address this issue, but concern instances in which a court improperly gave a party 30 days from the date of the hearing on the objections and when a court improperly cut off an amending party's time to amend prior to the running of the 120-day deadline or a party simply missed the deadline. *See, e.g., Lewis v. Funderburk,* 253 S.W.3d 204, 207-08 (Tex. 2008) (holding that a Appellee can change experts within the extension period, but not addressing the notice issue); *SSC Robstown Operating Co. LP v. Perez*, 2013 WL 1838597, at *2 (Tex. App. – Corpus Christi, Feb. 28, 2013) (upholding dismissal because the amending party served amended reports a day late, but not addressing the notice issue); *Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718-19 (Tex. App. – Houston [14[th] Dist.] 2011, no pet) (upholding dismissal because the amending party served amended reports a day late, but not addressing the notice issue); and *Constancio v. Bray*, 266 S.W.3d 149, 162 (Tex. App. – Austin 2008, no pet) (holding that time remaining under the 120-day deadline must be in additional to the 30-day extension, but not addressing the

notice issue).

Thus, application of Section 74.351(c) does not mandate that the Court dismiss Appellee's claims because the amended reports were served untimely. Nor do any of the cases interpreting this statutory provision.

**C.    The Trial Court has the Power to Toll the Time Period for Goldsmith to file her Amended Expert Report.**

Goldsmith served her Amended Expert Report on Appellants in the time prescribed by the trial court's June 23, 2014 order.  In doing so, she relied on the issuance of an order of the trial court.  The trial court had the power to toll the time period for Goldsmith to serve her amended expert report.  Courts have the inherent power to toll a specific time period when there are extenuating circumstances. *Smith v. J-Hite, Inc.*, 127 S.W.3d 837, 843 (Tex. App.—Eastland 2003, no pet.). The application of equitable tolling is a fact-specific, discretionary matter. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).   In the instant case, it was within in the discretion of the trial court to give Goldsmith additional time to file her amended expert report based on the principle of equitable tolling, as there were extenuating circumstances due to Goldsmith not receiving the original order because of a mistake made by the trial court.  Because the trial court has the power to equitably toll a time period, the trial court did not abuse its discretion in giving Goldsmith the additional time, and the Court should affirm the trial court's order.

## CONCLUSION AND PRAYER

For these reasons, Appellees respectfully requests that this Court affirm the trial court's order denying Appellants' Motion to Dismiss. Goldsmith also requests any such general relief to which she may be entitled.

Respectfully submitted,

_/s/ Meredith Mathews_

Patrick W. Powers
State Bar No. 24013351
patrick@powerstaylor.com
Meredith Mathews
State Bar No. 24055180
meredith@powerstaylor.com

POWERS TAYLOR LLP
8150 North Central Expressway
Suite 1575
Dallas, Texas 75206
Phone: 214.239.8900
Fax: 214.239.8901

_Attorneys for Appellee Peggy Goldsmith_

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(B) because it contains 2,337 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2.      This brief complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font (and 12 point for footnotes).

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served upon all counsel of record on this 8th day of May 2015 via:

*VIA ELECTRONIC FILING SERVICE*

Jason D. Mazingo
305 South Broadway Ave., Ste. 404
Tyler, Texas 75702

_____*/s/ Meredith Mathews*_____
Meredith Mathews