NO. 07-07-0006-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 14, 2008
_____

In the Interest of B.P.H. AND T.M.H.,
Minor Children
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. DR-05C-045-A; HON. ROLAND SAUL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Joe Pat Hare (Hare) appeals from an enforcement order requiring him to pay back child support and holding him in contempt. Via two issues, he contends that the divorce decree was not enforceable because he did not sign it and that the child support order was vague as it failed to state a date on which support payments were to begin. We affirm.

*Background*

Hare's wife, Kristi, filed for divorce and appeared at a hearing to finalize same on May 20, 2005. Though Hare was personally served with the divorce petition, he neither filed an answer nor attended the May 20th proceeding. At the latter, Kristi informed the trial court that she and Hare met and that Hare had agreed to pay child support in the amount of $550 a month. So too did she testify that $550 was approximately 25% of his net

monthly income. Thereafter, the trial court executed a judgment granting the divorce and ordering Hare to pay child support of $550 ". . . on [the] 20th [of] each month, and a payment of $550.00 shall be due and payable on the 20th day of EACH MONTH of each year thereafter . . . ." Despite the order, Hare paid none. Nor did he perfect a direct appeal from the decree.

## *Issue One - Divorce Decree is Void*

In his first issue, Hare contends that the underlying divorce decree was void because he had failed to sign it as required by Texas Rule of Civil Procedure 11.[1] We overrule the issue.

As all know, Rule 11 addresses the enforceablility of an agreement "touching any suit." TEX. R. CIV. P. 11. The agreement must be either 1) in writing, signed by the parties, and filed of record or 2) made in open court and entered of record. *Id.* While the record contains no writing signed by Hare illustrating his consent to pay $550 per month in child support, the trial court was informed by Kristi, in open court, that Hare agreed to the obligation. The representation was then transcribed into the record, and the trial court incorporated the obligation into its judgment. So too did it state in the judgment that the parties had agreed to the terms of the decree. More importantly, Hare has yet to contend that his ex-wife misrepresented the substance of the agreement to the trial court or that he made no such promise. Given this, we conclude that the terms of Rule 11 were satisfied.

---

[1]Rule 11 specifies the conditions which must be met before an agreement touching upon any pending suit will be enforced. One such condition is that requiring the litigants to sign the agreement.

### *Issue Two - Child Support Void*

In his second issue, Hare contends that the provisions of the divorce decree obligating him to pay child support were void for vagueness since they failed to specify a date upon which child support was to begin. We overrule the issue.

As previously mentioned, the divorce decree ordered Hare to pay "child support of $550.00 per month, with the first payment being due and payable on [the] 20th of each month, and a like payment being due and payable on the same day of each month thereafter. . . ." Furthermore, the court signed the decree on May 20, 2005. Affording these terms their plain meaning, *see Shanks v. Treadway,* 110 S.W.3d 444, 447 (Tex. 2003) (stating that the words in a decree are to be afforded their plain language), we see that the trial court directed Hare to pay monthly support on the 20th of each month. Since the decree became effective when signed by the trial court on May 20, 2005, *see In re R.A.H.*, 117 S.W.3d 60, 63 (Tex. App.–Eastland 2003), *rev'd on other grounds,* 130 S.W.3d 68 (Tex. 2004) (holding that a judgment becomes effective on the day executed), Hare's obligation accrued at least by June 20, 2005, and that was the date from which the trial court calculated the arrearage due Kristi. So, we find no vagueness in the decree.

Accordingly, we affirm the judgment of the trial court.


Per Curiam

3