**$429.30 IN UNITED STATES CURRENCY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–94–00843–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 23, 1995.

Lucrecia Lynn Monroe, Marlin, pro se.

Before HUTSON–DUNN, O'CONNOR and WILSON, JJ.

## OPINION

WILSON, Justice.

Claimant, Lucretia Lynn Monroe, appeals the trial court's entry of default judgment in a civil forfeiture proceeding. Monroe is an inmate of the Texas Department of Criminal Justice, Hobby Unit, and proceeds *pro se* for this appeal.

In her sole point of error, Monroe contends the trial court committed reversible error by entering a default judgment against her and ordering her property, the $429.30, forfeited to the State. We reverse and remand for trial.

### Summary of Facts

On May 23, 1994, Gina DeBottis, an Assistant District Attorney for Walker County, filed a notice of seizure and intended forfeiture in the trial court, pursuant to TEX.CODE CRIM.P.ANN. art. 59.04(b) (Vernon Supp. 1995). The notice stated that the $429.30 had previously been seized from Monroe's inmate account and that Monroe was under indictment for engaging in organized criminal activity. The State requested the trial court allow forfeiture of the seized funds. The notice alleged that Monroe and other inmates had participated in a mail fraud scheme by using false identification to send letters to citizens soliciting funds they claimed were needed to pay fines, attorneys fees, and court costs. The notice stated the $429.30 was contraband obtained through this scheme and included an affidavit from an officer who had investigated the matter.

The trial court held a hearing on the State's notice of seizure and intended forfeiture on June 27, 1994, as reflected by the court's docket entry. The trial court rendered a default judgment against Monroe, stating she had not filed an answer contesting the seizure and forfeiture, and ordering the seized funds be forfeited to the State. The default judgment bears a file stamp from the district clerk's office indicating it was filed at 10:30 a.m. on June 27, 1994.

Monroe's answer was received by the trial court on the same day as the hearing and entry of default judgment, and bears a file stamp from the district clerk's office indicating it was filed at 10:00 a.m. on June 27, 1994. Her answer also bears an unsigned, handwritten notation that states: "6–27–94 This Answer was [sic] after the Def. Judg. was granted. The mail was delivered after the d-call." The index to the transcript states that the notation was written by the district clerk as an explanation regarding the receipt of the answer relative to the docket call.

There is no statement of facts filed in this case, and the record on appeal consists of the transcript alone. The State has not filed an appellate brief.

## Entry of Default Judgment

In her sole point of error, Monroe contends the trial court committed error in granting a default judgment over her answer. We review the claims of an inmate proceeding pro se with liberality and patience. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Brewer v. Collins*, 857 S.W.2d 819, 821 (Tex.App.—Houston [1st Dist.] 1993, no writ). We note that attached to Monroe's brief are various exhibits, including her motion to set aside the default judgment, inmate grievance forms, and an affidavit from her legal representative at trial, Willie Ray McDonald, an inmate at the Texas Department of Criminal Justice, Michael Unit. However, none of these exhibits appear in the transcript. We cannot consider documents attached to the appellant's brief that do not appear in the record. *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

The statutes setting out the procedure for a forfeiture proceeding require all parties to comply with the rules of pleading as required in civil suits. TEX.CODE CRIM. P.ANN. art. 59.05(a) (Vernon Supp.1995). In a civil case, the defendant must file its answer by 10:00 a.m. on the Monday after the expiration of 20 days from the date the defendant was served with the citation. TEX. R.CIV.P. 99(b). The record indicates, and Monroe does not dispute, that the State's notice of seizure and intended forfeiture was filed and served on Monroe on May 23, 1994. Applying the rule, Monroe's answer was due to be filed with the trial court before 10:00 a.m. on Monday, June 13, 1994.

An answer placed in the custody of the United States Postal Service before 10:00 a.m. on the day it is due may be considered timely filed. TEX.R.CIV.P. 5; *See Milam v. Miller*, 891 S.W.2d 1, 2 (Tex.App.—Amarillo, 1994, writ ref'd). Monroe asserts that her legal representative filed her answer on June 14, 1994, by mailing it through the United States mailbox located at the Michael Unit. We may accept as correct any statement as to the facts made by an appellant in her original brief that is not contested by the opposing party. TEX.R.APP.P. 74(f). Accepting as true Monroe's contention that her answer was mailed on June 14, we find her answer was not timely filed with the trial court.

A plaintiff may ask for a default judgment when the citation and proof of service have been on file with the clerk of the court ten days, excluding the day of filing and the day of judgment. TEX.R.CIV.P. 107. On June 27, 1994, more than a month after Monroe was served with the notice of intended forfeiture, the State sought a default judgment from the trial court.

A default judgment may not be rendered after the defendant has filed an answer, even if the trial court is not aware an answer has been filed. TEX.R.CIV.P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam); *Bennett v. Bennett*, 868 S.W.2d 408, 409 (Tex.App.—Houston [14th Dist.] 1993, no writ). If an answer is filed after the answer date but before the trial court announces the default judgment in open court or signs a judgment, it is error for the court to render a default judgment. *Davis*, 764 S.W.2d at 560; *Dowell Schlumberger, Inc. v. Jackson*, 730 S.W.2d 818, 819 (Tex.App.—El Paso 1987, writ ref'd n.r.e.). Similarly, an answer filed after the trial court has rendered the judgment orally, but has not yet reduced it to writing, will not defeat a default judgment. *Oak Creek Homes, Inc. v. Jones*, 758 S.W.2d 288, 290–91 (Tex.App.—Waco 1988, no writ).

A judgment may be considered "rendered" when the court's decision is officially announced either orally in open court or by memorandum filed with the clerk. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56 (Tex.1970); *Jones*, 758 S.W.2d at 290. The record does not include a statement of facts from the default judgment hearing, if one was made. The record indicates the default judgment was rendered by the trial court on June 27, 1994, and filed with the clerk at 10:30 a.m. The record also indicates Monroe's answer was filed with the trial court at 10:00 a.m. on the same day, and therefore was filed before the default judgment was filed. Therefore, we must conclude from the record before us that the trial

court rendered judgment after Monroe's answer was filed.

A post-answer default judgment will only be valid if the defendant received notice of the default judgment hearing. *Matsushita Elec. Corp. v. McAllen Copy Data, Inc.,* 815 S.W.2d 850, 853 (Tex.App.—Corpus Christi 1991, writ denied). The record does not indicate Monroe received notice of the default judgment hearing.

We note the presence of what is purportedly a notation of the district clerk on Monroe's answer explaining that it was filed after the default judgment was granted. However, the notation and the date next to it are handwritten and unsigned. We do not find this sufficiently reliable to indicate the time the trial court rendered its judgment in open court.

We find the record on appeal indicates the trial court rendered its default judgment after Monroe filed her answer and without providing her notice of the default judgment hearing. Therefore, the trial court's post-answer default judgment was not valid.

We reverse the default judgment rendered by the trial court, and remand for trial.