### In the Interest of Jarred Ishmael HATHCOX, A Minor Child.

### No. 06–97–00138–CV.

Court of Appeals of Texas, Texarkana.

Argued Sept. 9, 1998.

Decided Sept. 29, 1998.

Ebb B. Mobley, Attorney at Law, Longview, VaLinda Hathcox, Attorney at Law, Sulphur Springs, for appellant.

W.T. Allison, II, Attorney at Law, Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

This case addresses the proper application of the notice and hearing provisions of the Texas Family Code and the Texas Rules of Civil Procedure to an amended motion for enforcement of a child support order where a new claim, for name change of a child, has been added to the motion. The appellant, Bill Hathcox, argues that he was denied due process of law at a July 3, 1997, hearing when the court, in his absence, determined and reduced to judgment his child support arrearage, awarded attorney's fees against him, and also changed his minor son's surname to "Pickett." He contends that he was not required to attend the July 3 hearing even though he had been served with a notice

of that hearing. He makes this contention because, at the time he was served with that notice, he was also served with a citation that entitled him to answer Sandra Pickett's amended motion for enforcement on the Monday following twenty days after the date of service, which was July 14, 1997. When Hathcox did not appear for the July 3 hearing, the court pronounced a default judgment in favor of Pickett. This judgment, however, was not signed until after Hathcox had answered the amended motion.

Hathcox appeals, contending that the trial court abused its discretion in failing to grant his motion for new trial on the issues of (1) child support arrearage and attorney's fees, and (2) change of his minor son's surname. Because this Court holds that the trial court's judgment is void as a matter of law, it is unnecessary to address Hathcox's points alleging abuse of discretion.

Hathcox and Pickett divorced in October 1986, and the court ordered Hathcox to pay child support. In February 1989, Pickett filed a petition to terminate the parent-child relationship, as well as motions for contempt, to reduce child support to judgment, and for a temporary restraining order. On February 17, 1989, Hathcox filed a general denial, and the parties eventually signed agreed temporary orders in which Hathcox was to cease visitation with his minor son until further order of the court.

Eight years later, on April 16, 1997, Pickett filed an amended motion for enforcement of child support order which sought: (1) to hold Hathcox in contempt of court; (2) confirmation of all child support arrearage and rendition of judgment, plus interest on the arrearage, attorney's fees, and costs; (3) income withholding; and (4) a name change of the child.

On June 17, 1997,[1] Hathcox was personally served with a copy of the amended motion, the court's notice setting hearing for July 3, 1997, and a citation, stating in part as follows:

You are hereby commanded to appear before the Honorable Judicial District Court of Hopkins County, Texas, to be held at the courthouse of said County in the City of Sulphur Springs, Hopkins County, Texas, by filing a written answer to the petition of plaintiff ____ at or 10 o'clock A.M. (sic) of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, . . . .

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, *a default judgment* may be taken against you. (Emphasis added.)

On July 3, 1997, the court held a hearing on the amended motion and orally rendered a default judgment when Hathcox failed to appear. On July 10, 1997, Hathcox filed a handwritten document styled "Respondent's Original Answer" in response to Pickett's amended motion for enforcement. On August 14, 1997, the court signed its judgment for child support arrearage, order for withholding from earnings for child support, and name change of child, in accordance with its oral rendition on July 3, 1997.

■ Hathcox argues that the default judgment was improper because TEX. FAM.CODE ANN. § 157.062(d) (Vernon 1996) provides:

(d) If a motion for enforcement is joined with another claim:

(1) the hearing may not be held before 10 a.m. on the first Monday after the 20th day after the date of service; and

(2) the provisions of the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply.

He contends that, pursuant to this provision, the hearing held on July 3 was premature.

■ Pickett, on the other hand, argues that Section 157.062 is applicable only in an original proceeding for the enforcement of child support and not in the present situation

---

**1.** Both sides incorrectly state that Hathcox was served on June 12, 1997. A close reading of the citation reveals that the process issued on June 9, 1997, but did not come into the hands of the process server until June 12, 1997. Hathcox was actually served on June 17, 1997.

where there has been an amendment of a prior motion for enforcement of an existing order. She argues that since this is an amended motion, the Texas Rules of Civil Procedure control and not the Family Code. She specifically argues that TEX.R. CIV. P. 63 applies. That rule provides:

Parties may amend their pleadings, respond to pleadings on file of other parties, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

Pickett cites TEX.R. CIV. P. 2 as authority for her proposition that the Rules of Civil Procedure control in this instance and not the Family Code. Rule 2 (Scope Of Rules) reads in part: "These rules shall govern the procedure in the justice, county, and district courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated." The rule does not mention the Family Code within its exceptions. Pickett then argues that TEX.R. CIV. P. 247 applies. That rule states:

Every suit shall be tried when it is called, unless continued or postponed to a future day or placed at the end of the docket to be called again for trial in its regular order. No cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party.

Pickett finally notes that Hathcox admitted in his brief to receiving notice of the July 3, 1997, hearing, that he did not attend the hearing, and that he did not file a motion for continuance. Therefore, she argues that, pursuant to TEX. FAM.CODE ANN. § 157.066 (Vernon 1996), the default judgment for the relief sought was proper. Section 157.066 provides:

If a respondent who has been personally served with notice to appear at a hearing does not appear at the designated time, place, and date to respond to a motion for enforcement of an existing court order, regardless of whether the motion is joined with other claims or remedies, the court may not hold the respondent in contempt but may, on proper proof, grant a default judgment for the relief sought and issue a capias for the arrest of the respondent.

However, this provision must be read in conjunction with Section 157.062(d), which expressly provides that the hearing on a motion for enforcement that is joined with another claim "may not be held before 10 a.m. on the first Monday after the 20th day after the date of service." The obvious purpose of Section 157.062(d) is to allow a respondent extra time to answer and prepare for a hearing when a new claim has been joined with a motion for enforcement. Pickett's argument that Section 157.062(d) applies only to original proceedings would defeat this purpose and would allow a petitioner to file only an original motion for enforcement of a support order and then amend that original motion to add new claims and avoid completely the additional time for answer and hearing provided by Section 157.062(d). We do not believe the legislature intended such a result.

Although Pickett relies on TEX.R. CIV. P. 2 as a generally controlling provision, we note that this rule was adopted effective September 1, 1941, and the exceptions it lists from its coverage speak only to provisions existing before that date. Rule 2 does not purport to contain a prospective list of exceptions from its coverage. TEX. FAM.CODE ANN. § 157.062, however, was added by Acts 1995 and appears to specifically address the notice and hearing requirements when another claim is joined to a motion for enforcement. Neither party disputes the facts of this case. The parties dispute only the proper law to be applied given these facts, i.e., the law regarding notice and timing of the hearing. Therefore, this is a question of law to which de novo review applies. Based on the foregoing analysis, it is the opinion of this Court that the Texas Family Code governs the case at

hand and that the trial court did not follow the correct law regarding notice and hearing in rendering its default judgment for Pickett.

■ Using TEX. FAM.CODE ANN. § 157.062(d) as the law that should have been applied, the default judgment rendered by the trial court is procedurally defective and, therefore, void. A default judgment rendered before a defendant's answer is due is void and must be reversed. *Conaway v. Lopez,* 880 S.W.2d 448, 449 (Tex.App.-Austin 1994, writ ref'd). Rendition of judgment is the judicial act by which the court settles and declares the decision of the law upon the matters in issue. *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970); *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040, 1041 (1912). A judgment is rendered when the decision is announced orally in open court or by a memorandum filed with the clerk. *Comet Aluminum Co.,* 450 S.W.2d at 58; *Dan Edge Motors, Inc. v. Scott,* 657 S.W.2d 822, 823–24 (Tex.App.-Texarkana 1983, no writ); *$429.30 in U.S. Currency v. State,* 896 S.W.2d 363, 365 (Tex.App.-Houston [1st Dist.] 1995, no writ).

■ Given that Hathcox was served with process on June 17, 1997, his answer, according to Section 157.062(d), was not due until 10 a.m. on Monday, July 14, 1997. Because the court rendered default judgment before the defendant's answer was due, the judgment of the court is void. Even assuming arguendo that rendition occurred upon signing the judgment on August 14, 1997, a default judgment may not be rendered after a defendant has filed an answer. *See Davis v. Jefferies,* 764 S.W.2d 559, 560 (Tex.1989); *$429.30 in U.S. Currency,* 896 S.W.2d at 365.

■ The judgment of the trial court is reversed, and the cause is remanded for a hearing on the amended motion for enforcement of child support which conforms to the notice and hearing provisions of the Texas Family Code.[2]

2. The child in this case was born August 7, 1979, and turned age 18 on August 7, 1997. Because that child can now petition to use any name he desires, Hathcox has no legally protected interest in having his child bear his surname and this issue is moot.