ACCEPTED
03-16-00076-CV
11220170
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/20/2016 10:19:24 AM
JEFFREY D. KYLE
CLERK

**ORAL ARGUMENT REQUESTED**

**No. 03-16-00076-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/20/2016 10:19:24 AM
JEFFREY D. KYLE
Clerk

**In The**

# COURT OF APPEALS

**THIRD DISTRICT OF TEXAS**
**Austin, Texas**

_____

**BRUCE HITT,**

*Appellant,*

**v.**

**FRANK ZARAUSKAS d/b/a BOONDOCKS BAR & GRILL,**

*Appellee.*

_____

On Appeal from Cause No. 14C084L
In the County Court at Law of Tom Green County, Texas
Honorable Ben Nolen, Presiding Judge

_____

**BRIEF FOR APPELLEE**

_____

Charles W. King
State Bar Number 11436525
101 S. Park
San Angelo, Texas 76901
Telephone:  (325) 227-6536
Facsimile:  (325)  227-6537
**Attorney for Appellee**

**IDENTITY OF PARTIES AND COUNSEL**

In order to assist the Court in identifying grounds for recusal or disqualification, Appellee certifies that the following is a complete list of the names and addresses of the parties to this appeal and their counsel:

| | |
|---|---|
| **APPELLANT:** | Bruce Hitt |
| **COUNSEL FOR APPELLANT:** | Michael A. Yanof (appellate counsel) <br> Cassie J. Dallas (appellate & trial counsel) <br> Jason R. Jobe (trial counsel) <br> Thompson, Coe, Cousins & Irons, L.L.P. <br> 700 North Pearl St., 25th Floor <br> Dallas, Texas 75201 <br> Telephone:  (214) 871-8200 <br> Facsimile:  (214) 871-8209 |
| **APPELLEE:** | Frank Zarauskas d/b/a Boondocks Bar & Grill |
| **COUNSEL FOR APPELLEE:** | Charles W. King <br> 101 S. Park <br> San Angelo, Texas 76901 <br> Telephone:  (325) 227-6536 <br> Facsimile:  (325) 227-6537 <br> Email:  charles@charleskinglaw.com |

**FOR THE COURT'S CONVENIENCE**

Bruce Hitt was the Defendant in the trial court and is the Appellant herein. For convenience he is referred to as "Hitt" or "Appellant."

Frank Zarauskas d/b/a Boondocks Bar and Grill was the Plaintiff in the trial court and is the Appellee herein. For convenience, he is referred to as "Zarauskas" or "Appellee."

References to the Clerk's Record and Reporter's Record are abbreviated as "CR" and "RR," respectively. Because the Reporter's Record is multiple volumes, the volume number is placed in front of the Reporter's Record designation, and the page number is placed after. For example, Volume 4 of the Reporter's Record at page 4 would be cited as 4 RR 4.

Appendix items are attached to this Brief and abbreviated as "Apx. Tab ___."

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ……………………………………………….. 2

FOR THE COURT'S CONVENIENCE……………………………………………….. 3

INDEX OF AUTHORITIES………………………………………………………….. 6

STATEMENT OF THE CASE……………………………………………………….. 8

STATEMENT REGARDING ORAL ARGUMENT…………………………………….9

ISSUE PRESENTED ……………………………………………………………….10

STATEMENT OF FACTS………………………………………………………….. 11

      I.      Zarauskas' Lawsuit and the Eviction Proceeding…………………….11

      II.     Hitt's Counsel Withdraws Without Hitt's Knowledge or
           Consent…………………………………………………………………….12

      III.    Hitt Not Served with Discovery or Notice of Hearing on
           The Merits……………………………………………………………….13

SUMMARY OF ARGUMENT……………………………………………………..16

ARGUMENT …………………………………………………………………….18

      I.      Standard of Review……………………………………………………..18

      II.     The Trial Court  Did No Abuse Its Discretion in Denying Hitt's
           Motion for New Trial…………………………………………………….19

           A.     Due process requires that defendants receive notice
                  of a trial setting after appearing in a case; however, a
                  Defendant has a duty to keep the Court informed of
                  His change of address………………………………………..19

           B.     If Hitt did not receive notice of the November 10, 2015
                  Hearing, it is because he failed to comply with Tex. R.
                  Civil  P. 245………………………………………………………21

           C.   The Notice of  Hearing did not comply with Tex.R.Civ.

P. 245.................................................................. ……22

D. The uncontroverted evidence did not establish each of the *Craddock* elements ………………………………………………………23

  1. A post-answer default judgment should be set Aside and a new trial ordered when the *Craddock* elements are established, but that was not the case here…………………………………………………23

  2. Hitt's non-appearance was  if not intentional, the result of conscious indifference………………………................ 23

  3. Hitt did not set up a meritorious defense……………………………24

  4. Hitt did not demonstrate that granting a new trial would not result in prejudice or delay………………………………24

CONCLUSION………………………………………………………………………25

CERTIFICATE OF SERVICE ……………………………………………………25

CERTIFICATE OF COMPLIANCE…………………………………………………26

APPENDIX TO BRIEF OF APPELLEE…………………………………………27


Judgment (CR 60-61)                                             Tab 1

Order Denying Defendant Bruce Hitt's Motion
To Set Aside Post-Answer Default Judgment
And Motion for New Trial (CR 131)                              Tab 2

Affidavit of Bruce Hitt (CR 78-83)                             Tab 3

# INDEX OF AUTHORITIES

**CASES**

*$429.30* In *U.S. Currency v. State*,
  896 S.W.2d 363
  (Tex. App. –Houston [1st Dist.] 1995, no writ)……………………………………19, 22

*Cliff v. Huggins,*
  724 S.W.2d 778, 779 (Tex. 1987) …………………………..………………….18, 20, 22

*Craddock v. Sunshine Bus Lines*,
  133 S.W.2d 124 (Tex. 1939)……………………………………10, 16, 18, 20, 23, 24

*Dolgencorp of Tex., Inc. v. Lerma*,
  288 S.W. 3d 922 (Tex. 2009) (per curiam)     ……………………………….18, 19

*Ivy v. Carrell,*
  407 S.W.2d 212 (Tex. 1966)…………………………………………………………23

*LBL Oil Co. v. Int'l  Power Serv. Inc.*,
  777 S.W.2d 390 (Tex. 1989)………………………………………………………….19

*Mathis v. Lockwood,*
  166 S.W.3d 743 (Tex. 2005) (per curiam)…………………………………………21,22

Matsushita Elec. Cor. V. McAllen Copy Data, Inc.,
  815 S.W.2d 850 (Tex. App. – Corpus Christi 1991, writ denied) ………………19

*Murphree v. Ziegelmair*,
  937 S.W.2d 850 (Tex.App. –Corus Christi 1991, writ denied)……………………18

*Old Republic Ins. Co. v. Scott*,
  873 S.W.2d 381 (Tex. 1994)………………………………………………… 18

*Smith v. Holmes,*
  53 S.W.3d 815, 817-18 (Tex. App. – Austin 2001, no pet.) …………..18, 19, 20

*Strackbein v. Prewitt,*
    671 S.W.2d 37,38 (Tex. 1984) …………………………………………………………………18

**STATUTES:**

Tex. Civ. Prac. & Rem. Code § 30.015……………………………………………………8,13, 14,18,21

Tex. Civ. Prac. & Rem. Code § 30.015(d)…………………………………………………………8, 12

**RULES:**

Tex. R. Civ. P. 10………………………………………………………………………………………12,21

Tex. R. Civ. P. 21a…………………………………………………………………………………………20

Tex. R. Civ. P. 245……………………………………………………………………..4,5,10,16,20,22

## STATEMENT OF THE CASE

| | |
|---|---|
| **Nature of the case** | This case arises from the breach of an alleged oral lease agreement.  Appellee Zarauskas asserted both tort and quantum meruit claims against Hitt.  (CR 26-35.)  Appellant Hitt answered, asserting various defenses, and filed a counterclaim for unpaid rent.  (CR 23-25.)  The unpaid rent portion of the case was moot at the time of trial. |
| **Trial Court** | Cause No. 14C084-L in the County Court at Law, Tom Green County, Texas, the Honorable Ben Nolen, presiding. |
| **Course of the Proceeding** | On October 15, 2015, the trial court issued a Notice of Hearing on the Merits.  (CR 59.)  Pursuant to the Notice of Hearing, the case was called to trial on November 10, 2015.  (CR 60; Apx. Tab 1.)  Appellee's position is if Hitt did not receive the Notice of Hearing and did not appear, it was his own fault.  He failed to comply with Tex. Civ. Prac. Rem. Code 30.015.  (CR 78-83; Apx. Tab 3.)  The trial court entered post-answer default judgment in favor of Zarauskas.  (CR 60; Apx. 1.) (CR131; Apx. 2.)<br><br>It is true that after learning of the adverse judgment, Hitt filed a timely motion for new trial.  (CR 64-77.) |
| **Trial Court's Disposition** | After a hearing, the trial court denied Hitt's motion for new trial because he failed to notify the court of his new address, if he had one.  (CR 131; Apx. 2.) |
| **Appeal** | Appellee stipulates that Hitt timely filed a notice of appeal, but the trial court should decision should be affirmed  (CR 132-34.) |

**STATEMENT REGARDNG ORAL ARGUMENT**

The trial court's discretion to grant or deny a motion for new trial is broad. In  the case at bar the lack of notice, if any, was Appellant's own fault because he failed to comply with Tex. Civ. Prac. & Rem. Code 30.015(d) and failed to apprise the court of his whereabouts.  The trial court's decision should be affirmed.  There was no abuse of discretion.

**ISSUE PRESENTED**

1. Trial court did not abuse its discretion in denying Appellant's motion for new trial; Appellant's contention that: (a) Appellant did not receive notice of the trial setting is his own fault for not keeping the court apprised of his new address; (b) Hence, whether the notice complied with Rule 245 of the Texas Rules of Civil Procedure is immaterial. Appellant would not have gotten it because he did not advise the court that he moved, if he did; and (c) Appellant's failure to appear was at least the result of conscious indifference; (d) Appellant may have alleged a meritorious defense; and/or alleged (e) that granting a new trial would not operate to cause delay or injury to the Plaintiff-Appellee; but he did not comply with all *Craddock* elements.

# STATEMENT OF FACTS

## I.     Zarauskas's Lawsuit and the Eviction Proceeding

Appellee agrees with Appellant that Zarauskas filed his Original Petition on March 6, 2014.  (CR 7-9.) It was pled as a fraud and negligent misrepresentation case, and in addition the lawsuit arose from the alleged breach of a lease agreement entered in early 2013 between Zarauskas and Hitt. (CR 26-35.)  Hitt generally denied Zarauskas's claims, asserted the affirmative defense of the statute of frauds, and counterclaimed for unpaid rent.  (CR 23-25.)  The unpaid rent issue was moot at the time of trial since Appellee paid rent and that part of said case was resolved.

Both  Zarauskas and Hitt acknowledged that an agreement was entered, the terms of the agreement and their rights and obligations as landlord and tenant were disputed.  (CR 23-25, 26-35; *see generally* 2 RR 6-49.)   It is true that Hitt sued Zarauskas for forcible detainer around the time of the filing of the Original Petition.  (CR 33, 36, 40; 2 RR 36.)  And, as set forth  in Plaintiff's First Amended Petition, the judgment of possession entered by the Justice of the Peace Court for Tom Green County, Precinct Number 2 was appealed to the County Court and consolidated by the parties' agreement into this cause number. CR 33, 36, 40.)

Specifically, by order dated June 3, 2014, the trial court ordered that the funds placed in the court's registry for the eviction proceeding be transferred into this cause number. (CR 40.) Three weeks later, the trial court administratively closed the proceedings but did not dismiss the case. (CR 41.) Hitt did not notify the Court that he moved to San Antonio, if he did. (CR 79; Apx. Tab 3.) He violated Tex. Prac. & Rem. Code 30.015(d).

## II. Hitt's Counsel Withdrew, But He Notified Hitt of His Motion. Hitt Did Not Keep His Own Attorney or the Court Informed of His Whereabouts.

In February 2015, Hitt's attorney of record, Jeffery Lisson ("Lisson") filed a motion to withdraw, citing an inability to communicate with his client as the grounds for the motion. (CR 47-48, 79; Apx. Tab 3.) Lisson's motion did contain a certificate of service (CR 47-48.); and the motion was sent to Hitt's last known address. (CR 47.) *See* Tex. R. Civ. P. 10.

As reflected in the certificate of service attached to the motion, Lisson apparently attempted to serve Hitt as his mother's house, located at 1226 Coventry Lane, San Angelo, Texas 76904 ("Coventry Address"), the address provided to him by Hitt. (CR 47-48, 79; Apx. Tab 3.) Hitt claims he never received a copy of the motion. (CR 78-80; Apx. Tab 3.)

The trial court issued a notice of hearing on the motion to withdraw, service of which was attempted on Hitt's residence located at 4730 Muirfield Ave, San Angelo, Texas 76901 ("Muirfield Address").  (CR 49.)  The Register of Actions reflects that the notice was returned.  (CR 82; Apx. Tab 3.)  The Court granted Lisson's motion to withdraw on March 13, 2015.  (CR 50.)   Hitt blames his prior counsel, the court and Appellee's counsel for the fact that he allegedly was not getting notice.  However, Appellee contends he should have stayed in communication with his attorney and the court.  A court should not have to hunt the litigants down.  That is why Tex. Civ. Prac. & Rem. 30.015 makes sense.

### III. Hitt Contends He Was Not Served with Discovery or Notice of Hearing on the Merits.

On  July 23, 2015, Zarauskas electronically filed Requests for Admissions (CR 51-58).  The certificate of service attached to these requests indicates that they were sent by certified mail, return receipt requested and regular mail to the Muirfield Address. (CR 52.)  If Hitt did not reside or accept mail at the Muirfield Address at the time Zarauskas purported to serve him with the requests, he should have notified the court and the litigants of his new address.  (CR 80; Apx. Tab 3.)  Tex. Civ. Prac. & Rem. Code 30.015.

On October 15, 2015, the Court issued a Notice of Hearing on the Merits ("Notice of Hearing"), setting the case for trial on November 10, 2015, at 9:00 a.m. (CR 59.)  Service of the Notice of Hearing was attempted on Hitt at the Muirfield Address.  (CR 59, 79-83; Apx. Tab 3.)  Appellee contends if Notice of Hearing was not received by Hitt, then it was his fault not the court's. (CR 80, 83; Apx. Tab 3.) Tex. Civ. Prac. & Rem. Code 30.015.

Appellee agrees with Appellant that Zarauskas appeared at trial on November 10, 2015, and Hitt did not appear.  (3 RR 1-15.)   Hitt's liability was established on the basis of the deemed admissions.  Appellee presented evidence that the request for admissions was sent to Hitt's last known address. (3 RR 5-6.) After admitting Zarauskas's exhibits, which included the deemed admissions, and hearing testimony from Zarauskas,  the trial court entered a judgment against Hitt, awarding Zarauskas $150,000 in damages and entering a take-nothing judgment on Hitt's counterclaim.  (CR 60-61; Apx. Tab 1; 3 RR 13-14.)

Hitt contends that he learned of the post-answer default judgment on or about November 14, 2015, from friends, and timely filed a motion for new trial seeking to set aside the default judgment.  (CR 64-77, 80; Apx.  Tab 3.)  After a hearing, the trial court denied Hitt's motion for new trial.  (CR 131; Apx. Tab 2.)

The trial court's ruling was correct. Mr. Hitt did not keep the court or the litigants

apprised of his new address, if any. Hitt filed this appeal. (CR 132-34.)

## SUMMARY OF ARGUMENT

Appellee agrees with Appellant that once a party has appeared in a lawsuit, due process requires that he receive notice of a trial setting before a default judgment may be entered against him and that notice should comply with Rule 245 of the Texas Rules of Civil Procedure. However, the litigants also have a duty to notify the court of change of address. Therein lies the problem. And, of course, equitable principles warrant the granting of a new trial only when a party establishes each and all of the elements stated in *Craddock v. Sunshine Bus Lines, Inc*.

In this case, Bruce Hitt appeared, answered, and asserted counterclaims through his then-attorney. Subsequently, Hitt's attorney withdrew. If Hitt stopped receiving notice of the filings and settings in the proceeding, it was his own fault. If Hitt did not receive notice of the November 10, 2015 hearing on the merits at which the trial court entered judgment against him, that was his own fault. The Court has no duty to track down the litigants. A court's duty to send notice to litigants is predicated on the litigants keeping the court advised of their whereabouts.

After learning of the judgment, it is true that Hitt timely filed a motion for new trial and that the trial court denied Hitt's motion. The trial court did not abuse its discretion. This Court should affirm the judgment.

**ARGUMENT**

## I.     Standard of Review

A trial court's decision on a motion for new trial is reviewed for abuse of discretion.  Appellee agrees with the law cited by Appellant generally, but not as applied to the case at bar.  *Cliff v. Huggins*,  724 S.W.2d 778, 778-79 (Tex. 1987) (citing *Strackbein v. Prewitt*, 671 S.W. 2d 37, 38 (Tex. 1984)); *see also Smith v. Holmes*, 53 S.W. 3d 815, 817 (Tex. App. – Austin 2001, no pet.)   The trial court's discretion is not unbridled.  *Cliff,* 724 S.W.2d at 779.   That said, the litigants are required to notify the court of change of address.  The court has no duty to track down the litigants.  There is a reason for Rules like Tex. Prac. & Rem. Code 30.015, and that reason is so that the parties will do their part to inform the court of their address if they want to receive notice of settings.

If  a defaulted  party moves for a new trial, he must comply with all three elements of the *Craddock* test, . . . a trial court does not abuse its discretion if it fails to grant a new trial when the defendant was consciously indifferent.   In the case at bar, Appellee contends Appellant was consciously indifferent to the proceedings and at  fault in not providing a change of address.  *Dolgencorp of Tex., Inc. v. Lerma*,  288 S.W.3d 922, 926 (Tex. 2009) (per curiam) (citing *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994)).

**II.** **The Trial Court Did Not Abuse Its Discretion in Denying Hitt's Motion for New Trial**

In Hitt's motion for new trial, he contended he did not receive notice of the trial setting (CR 78-83; Apx. Tab 3; 4 RR 1-28.); but ad nauseam that was because he failed to keep the court apprised of his address. The trial court properly denied Hitt's motion for new trial. (CR 131.) In doing so, the trial court did <u>not</u> abuse its discretion.

**A.** **While due process requires that defendants receive notice of any trial setting after appearing in a case, litigants are required to keep the court apprised of their change of address.**

Appellee agrees with Appellant that once a defendant has made an appearance in a case, he must receive notice a trial setting as a matter of due process under the Fourteenth Amendment. *Smith*, 53 S.W.3d at 817; see also *Murphree v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex. App. – Houston [1st Dist.] 1995, no writ (citing *LBL Oil Co. v. Int'l Power Serv. Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989)). "A post-answer default judgment occurs when a defendant who has answered fails to appear for trial." *Dolgencorp*, 288 S.W.3d at 925. Appellant correctly states that for a post-answer default judgment to be valid, it must be shown that the defendants received notice of the hearings. *$429.30 In U.S. Currency v. State*, 896 S.W.2d 363, 366 (Tex. App. – Houston [1st Dist.] 1995, no

19

writ); *Matsushita Elec. Cor. V. McAllen Copy Data, Inc.* , 815 S.W.2d 850, 853 (Tex. App. – Corpus Christi 1991, writ denied); *see also* Tex. R. Civ. P. 21a & 245. "A defendant who does not receive notice of a post-answer default-judgment proceeding is deprived of due process." *Smith,* 53 S.W.3d at 817-18. That is all true, but that is why it is important to follow all court rules and advise the court of a change of one's address. Appellee contends Appellant answered and counter-claimed and then just ignored the proceedings. The totality of the circumstances indicate conscious indifference: not communicating with his lawyer, moving, not telling anyone his new address.

"Rule 21a sets up a presumption that when notice of trial setting properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee," the presumption may be overcome. *Cliff,* 724 S.W.2d at 779; *see also* Tex. R. Civ. P. 21a ("A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be *prima facie* evidence of the fact of service."). Common sense dictates that a party claiming a notice problem should have informed the court of his or her change of address. Hitt cannot satisfy *Craddock*. Appellee contends Appellant was consciously indifferent in just disappearing. Appellee contends Hitt should have changed his address with the court and communicated with his attorney. .

**B.** **The uncontroverted evidence established that if Hitt did not receive notice of the November 10, 2015 hearing, it was his <u>own</u> conduct that caused him not to be notified.**

The notice was properly sent to Mr. Hitt's last known address Hitt at the Muirfield Address. (CR 59, 80, 84; Apx. Tab 3.) If Hitt did not reside at or receive mail at the Muirfield Address any more, then why did he not notify the court of his change of address? (CR 78-80; Apx. Tab 3.)

Zarauskas's counsel correctly argued that Hitt had waived the right to notice because he did not provide an updated address to the trial court. (4 RR 5-7.) Hitt had a duty to apprise the trial court of his correct and current address. Tex. Civ. Prac. & Rem. Code 30.015. Appellant cites *Mathis*, 166 S.W.3d at 746 insisting that new trial should have been granted where any failure to apprise the court of defaulting party's last known address resulted from a mistake or accident. However, Hitt just did not comply with the Rule to notify the court of change of address. There was no mistake. Hitt did not do his part.

Hitt contends that (1) he was unaware that his attorney had withdrawn; (2) he did not consent to the withdrawal; and (3) somehow his attorney (a very reputable one) failed to provide the trial court with Hitt's correct and current address in accordance with Rule 10 of the Texas Rules of Civil Procedure. (CR 47-50, 79-81; Apx. Tab 3.) *See* Tex. R. Civ. P. 10. Following Hitt's logic, everyone is at

21

fault but Mr. Hitt.  Mr. Hitt knew he was not communicating with his own attorney.  He just disappeared to another city, if he moved at all,  and did not inform anyone of his new address.

Based on the evidence presented, there is a  presumption that the Notice of Hearing was properly sent or received.  *See Mathis*, 166 S.W.3d at 745; *see also Cliff*,  724 S.W.2d at 780.   A post-answer default judgment is valid if the defendant received notice of a trial setting—and Hitt did at his last known address.  He should have told the court his new address.  The trial court did not abuse its discretion in failing to grant Hitt's motion for new trial.  *See $429.30 in U.S. Currency*, 896 S.W.2d at 365.

> **C.**  **Even if  the Notice of Hearing did not comply with Tex. R. Civ. P. 245,  it would not have made a difference since Mr. Hitt did not apprise the court of his new address.**

The  Notice of Hearing if it failed to comply with Rule 245 of the Texas Rule of Civil Procedure, which requires that parties in a contested case be given no less than 45 days' notice of the first trial setting, is not a causative factor unless the court has a good address.  Hitt did not give the court his new address; so he cannot really complain that he did not get the full benefit of Tex. R. Civ. P. 245.

In this case Rule 245 in a contested case cannot help someone who does not notify the court of his change of address.  Appellee submits that appellant

cannot pick and choose what rules to comply with. If he wanted the benefit of notices, then he had to notify the court of his new address, if any.

**D.      Appellant did not meet the *Craddock* elements.**

As Appellee has said, ad nauseam throughout this brief, if Hitt did not receive notice of the hearing, it is his own doing. He consciously or recklessly failed to notify the court of his new address. The trial court did not abuse its discretion by not granting Hitt's motion for new trial.

**1.      The post-answer default judgment should not be set aside. The *Craddock* elements were not  established**

In *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939), the Texas Supreme Court held that a default judgment should be set aside when the defaulting party establishes that:  (1) its failure to answer or appear was not intentional or the result of conscious indifference; (2) that it has a meritorious defense; and (3) that the granting of a new trial will not operate to cause delay or injury to the plaintiff. *Craddock*,  133 S.W.2d at 126; *see also Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex. 1966) (holding that *Craddock* rule applies equally to post-answer default judgments). Appellant has to establish all three elements of *Craddock*.

**2.      Hitt's non-appearance was intentional or the result of conscious indifference**

Hitt should have kept the court apprised of his address. Appellee contends Hitt basically disappeared, did not communicate with his attorney and did not notify anyone of his new address, if any.

### 3. Hitt did not set up a meritorious defense

Even if Hitt demonstrated the existence of a meritorious defense, he did not comply with the first element of *Craddock*.

### 4. Hitt did not demonstrate that granting a new trial would not result in prejudice or delay, nor did Hitt reimburse Appellee for expenses.

Hitt did not satisfy the first element of *Craddock.* As to the third element, he simply alleged that granting the motion for new trial would not cause a delay or otherwise prejudice Zarauskas. Hitt took no responsibility for his own failure to notify the court of his change of address. He blames everyone but himself.

Because Hitt did not establish each and all of the *Craddock* elements, his attempt to attack the trial court's decision must fail. The trial court did not abuse its discretion. The decision of the trial court should be affirmed.

## CONCLUSION

Appellee Frank Zarauskas  prays that the Court:

1)      affirm the trial court's judgment; and

2)      award any other relief to which Appellee Frank Zarauskas  is entitled.

                          Respectfully submitted,

                          By/s/Charles W. King
                           Charles W. King
                          101 S. Park
                          San Angelo, Texas 76901
                          Telephone:  (325) 227-6536
                          Facsimile:  (325) 227-6537
                          Email:  charles@charleskinglaw.com
                          **ATTORNEY FOR APPELLEE**
                          **FRANK ZARAUSKAS**

## CERTIFICATE OF SERVICE

I hereby certify that on  June 16, 2016, a true and correct copy of the foregoing document was served by electronic service to counsel of record.

Michael A. Yanof (appellate counsel)
Cassie J. Dallas (appellate & trial counsel)
Jason R. Jobe (trial counsel)
Thompson, Coe, Cousins & Irons, L.L.P.
700 North Pearl St., 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Attorneys for Appellant

                          /S/Charles W. King
                          Charles W. King
                          Attorney for Appellee

**CERTIFICATE OF COMPLIANCE**

I certify that this Brief contains 4,307 words, not including the parts excluded by Tex. R. App. P. 9.4(i)(1). Accordingly, it complies with Rule 9.4(i)(2)(B).

/s/ Charles W. King
Charles W. King

**APPENDIX TO BRIEF OF APPELLEE**

Judgment (CR 60-61)                                         Tab 1

Order Denying Defendant Bruce Hitt's Motion
To Set Aside Post-Answer Default Judgment
And Motion for New Trial (CR 131)                          Tab 2

Affidavit of Bruce Hitt (CR 78-83)                         Tab 3

## NO. 14C084L

| | | |
|---|---|---|
| FRANK ZARAUSKAS D/B/A | § | IN THE COUNTY COURT AT LAW |
| BOONDOCKS BAR & GRILL | § | |
|    Plaintiff | § | |
| | § | |
| VS. | § | OF |
| | § | |
| BRUCE HITT | § | |
|    Defendant | § | TOM GREEN COUNTY, TEXAS |

### JUDGMENT

On this _10_ day of November, 2015, the above case was called to trial on the merits; the Plaintiff appeared in person/by his attorney, Charles W. King. The Defendant although having been duly notified failed to appear and made default.

The Court next took Judicial Notice of the Pleadings and other papers on file in this cause; the Court also finds that Requests for Admissions were propounded to the Defendant on or about July 23, 2015 and answers were due in 30 days. The Court further finds that the Defendant did not answer the Requests for Admissions and that the Requests for Admissions are deemed admitted so the Defendant is liable to the Plaintiff for the allegations in Plaintiff's First Amended Original Petition and liable to the Plaintiff for damages.

The Court further finds that the Plaintiff should have Judgment against Defendant for the sum of $_150,000.00_.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff have judgment against Defendant for the sum of _150,000.00_, together with post Judgment interest at the maximum lawful rate from the date of judgment until paid and costs of court, for which let execution issue if not timely paid.

IT IS FURTHER ORDERED that Defendant and Counter Plaintiff take nothing against Plaintiff and Counter Defendant by way of any Counterclaims, if any, that remain pending in this cause or the companion landlord tenant case.

Signed this _10_ day of November, 2015.

_____
Judge Presiding

**Approved:**

_____
 Charles W. King
TBN. 11436525
Attorney for Plaintiff/Counter Defendant,
Frank Zarauskas d/b/a Boondocks Bar & Grill

TAB 1

61

| | | |
|---|---|---|
| FRANK ZARAUSKAS D/B/A | § | IN THE COUNTY COURT AT LAW |
| BOONDOCKS BAR & GRILL | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| BRUCE HITT | § | |
| *Defendant.* | § | TOM GREEN COUNTY, TEXAS |

FILED FOR RECORD
16 JAN 21 PM3:13
ELIZABETH MCGILL
COUNTY CLERK
COUNTY OF TOM GREEN
TEXAS

*DENYING* (BH)

### ORDER ~~GRANTING~~ DEFENDANT BRUCE HITT'S
### MOTION TO SET ASIDE POST-ANSWER DEFAULT JUDGMENT
### AND MOTION FOR NEW TRIAL

On the 21st day of January, 2016, the Court considered Defendant Bruce Hitt's Motion to Set Aside Post-Answer Default Judgment and Motion for New Trial seeking to set aside the Judgment entered in this cause on November 10, 2015. Having considered Defendant's motion, any response by Plaintiff, and the arguments of counsel, the Court finds that the motion ~~is well-taken and~~ should be ~~GRANTED~~ *DENIED* (BH).

It is therefore, ORDERED, ADJUDGED, AND DECREED that Defendant Bruce Hitt's Motion to Set Aside Post-Answer Default Judgment and Motion for New Trial is ~~GRANTED~~ *DENIED.* (BH)

(BH) ~~The Court further orders a new trial in the interest of justice and fairness.~~ (BH)

SIGNED this _2/_ day of January, 2016.

_____
JUDGE PRESIDING

*DENYING* (BH)

ORDER ~~GRANTING~~ DEFENDANT BRUCE HITT'S MOTION TO           PAGE 1
SET ASIDE POST-ANSWER DEFAULT JUDGMENT AND MOTION FOR NEW TRIAL

2353356v1
11131.002                 TAB 2                 131

Filed for Record
12/9/2015 11:33:37 AM
Elizabeth McGill, County Clerk
Tom Green County, Texas
14C084-L
Reviewed by:
Jesse Hickman
Deputy

CAUSE NO. 14C048L

| | | |
|---|---|---|
| FRANK ZARAUSKAS D/B/A | § | IN THE COUNTY COURT AT LAW |
| BOONDOCKS BAR & GRILL | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| BRUCE HITT | § | |
| *Defendant.* | § | TOM GREEN COUNTY, TEXAS |

## AFFIDAVIT OF BRUCE HITT

STATE OF TEXAS           §
                                        §
COUNTY OF TOM GREEN  §

BEFORE ME on this day personally appeared Bruce Hitt, who, upon his oath, deposed and stated:

1.        "My name is Bruce Hitt. I am over 18 years of age, have never been convicted of a felony or a misdemeanor involving moral turpitude, and am fully competent to testify to the matters and facts stated in this Affidavit. All the facts set forth in this Affidavit are within my personal knowledge and are true and correct.

2.        I am a Licensed Real Estate Broker in the State of Texas. I am also in the business of buying, improving, and selling real estate for investment purposes.

3.        Because of the nature of my business, my residence changes frequently. I typically live at the same physical location for relatively short periods of time between approximately 12 to 36 months. As a result, I consistently maintain the same Post Office Box address to receive mail ("P.O. Box Address").

4.        I am the former owner of the residential property located at 4730 Muirfield Avenue, San Angelo, Texas 76901 ("Muirfield Address"). I purchased the property in 2012 as an investment and lived at the property while it was being remodeled. I moved from that address and sold the property in late January 2015.

5.        While I was living at the Muirfield Address, I never set up a mail box at that address, and I did not use the property as my mailing address. In any event, I have not lived at the Muirfield Address since late January 2015.

TAB 3                                                                                    78

6. My mother is the current owner and resident of the residential property located at 1226 Coventry Lane, San Angelo, Texas 76904 ("Coventry Address"). I do not reside at this address, but I have on occasion received mail at the Coventry Address. The Coventry Address also appears on my driver's license.

7. At all relevant times, I have maintained as my mailing address and regularly checked the "P.O. Box Address."

8. I am the Defendant in the above referenced lawsuit, styled *Frank Zarauskas d/b/a Boondocks Bar & Grill v. Bruce Hitt*, No. 14C048L; in the Country Court at Law, Tom Green County, Texas (the "Lawsuit"). As a result I am familiar with the underlying facts of the case.

9. I am the former owner of a commercial property located at 3314 F.D. Road, San Angelo, Texas 76904 ("Restaurant Property"), which was operated for approximately one year by Zarauskas as Boondocks Bar & Grill.

10. On or about March 6, 2014, Frank Zarauskas ("Zarauskas") filed the Lawsuit against me related to an alleged oral lease agreement regarding the Restaurant Property.

11. On April 8, 2014, I, by and through my then counsel of record Jeffrey Lisson ("Lisson"), answered the Lawsuit. I generally denied each and every allegation in Zarauskas's Petition, asserted the affirmative defense of the Statute of Frauds, and counterclaimed for unpaid rent on the Restaurant Property.

12. Although the terms of the alleged oral lease agreement are disputed, it is not disputed that Zarauskas failed to pay rent as it came due. As of April 8, 2014, Zarauskas had not paid rent since September 2013. The failure to pay was a material breach of the lease agreement and relieved me of any of any obligation to perform under the alleged oral lease agreement.

13. The Lawsuit was administratively closed on June 24, 2014. After that time, I believed that Zarauskas intended to abandon his claims related to the Restaurant Property in the Lawsuit.

14. Following the administrative closing of the Lawsuit, I moved in approximately late June or early July 2014 to San Antonio, Texas. During this time, I continued to maintain and regularly check my Post Office Box address as my mailing address.

15. Unbeknownst to me, the Lawsuit was re-opened.

16. Unbeknownst to me, and without my consent, Lisson filed a motion to withdraw as my attorney, citing an inability to communicate with me. Lisson apparently attempted to serve his motion to withdraw on me at the Coventry Address. I do not recall or have a record of having received any telephone calls from Lisson.

TAB 3                79

17.     As reflected in the Court's Register of Actions, the notice of hearing on the motion to withdraw, which was apparently sent to the Muirfield Address, was returned.[1]

18.     As further reflected in the Court's Register of Actions, Zarauskas electronically filed Requests for Admissions on July 23, 2015. The Certificate of Service attached to these Requests states that it was apparently sent to the Muirfield Address by Certified Mail, Return Receipt Requested and Regular U.S. Mail.

19.     I did not reside or accept mail at the Muirfield Address at the time Zarauskas purported to serve me with the Request for Admissions. I never received service of the Request for Admissions.

20.     As further reflected in the Court's Register of Actions, on October 16, 2015, the Court issued a Notice of Hearing to be held on November 10, 2015. The Notice of Hearing reflects that it was purportedly served on me at the Muirfield Address.

21.     I did not reside or accept mail at the Muirfield Address at the time the Notice of Hearing was purportedly served.

22.     Further, the Register of Actions reflects that the Notice of Hearing was returned as undeliverable.

23.     I never received service of the Notice of Hearing and did not learn about the hearing or the November 10, 2015 Judgment until on or about November 14, 2015, when several friends told me that a judgment had been entered against me.

24.     My failure to attend the November 10, 2015 Hearing was not intentional and not the result of conscious indifference. Rather I did not appear at the hearing because I never received the Notice of Hearing.

25.     The motion for new trial filed on my behalf is not being sought for the purposes of delay. To my knowledge, Zarauskas will not be prejudiced by the granting of a new trial.

FURTHER, AFFIANT SAYETH NAUGHT."

---

[1] A true and correct copy of the Register of Actions is attached as Exhibit A-1.

TAB 3                    80

DATED this ___ day of December, 2015

_____
BRUCE HITT

SUBSCRIBED AND SWORN TO BEFORE ME this 8th day of December, 2015.

_____
Notary Public, State of Texas

Chauntel D Rubalcaba
Printed Name of Notary

CHAUNTEL D. RUBALCABA
Notary Public, State of Texas
My Commission Expires
June 01, 2017

**AFFIDAVIT OF BRUCE HITT**                                    **PAGE 4**

2327770v1
11131.002

TAB 3                                            81

# REGISTER OF ACTIONS
## CASE NO. 14C084-L

| | |
|---|---|
| FRANK ZARAUSKAS d/b/a BOONDOCK S BAR & GRILL vs. BRUCE HITT  §<br>§<br>§<br>§<br>§ | Case Type:  **Suits on Debt**<br>Date Filed:  **03/06/2014**<br>Location:  **County Court at Law**<br>File Custody/Location:  **County Clerk's Office** |

---

### RELATED CASE INFORMATION

**Related Cases**
14C162-L (Other)

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Lead Attorneys** |
| **Defendant** | HITT, BRUCE<br>4730 MUIRFIELD AVE<br>SAN ANGELO, TX 76901 | Cassie J. Dallas<br>*Retained*<br>214-871-8200(W) |
| | | |
| **Plaintiff** | ZARAUSKAS, FRANK *Doing Business*<br>*As* BOONDOCK'S BAR & GRILL<br>1106 AMBERTON PKWY<br>SAN ANGELO, TX 76901 | CHARLES W. KING<br>*Retained*<br>325-227-6536(W) |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

11/10/2015 | **Default Judgment** (Judicial Officer: Nolen, Ben)

**OTHER EVENTS AND HEARINGS**

03/06/2014 | **Original Petition**
& REQUEST FOR T.R.O., WITH AFFIDAVIT

03/07/2014 | **Notice**
OF HEARING ON TEMP. RESTRAINING ORDER SET FOR 04-01-2014 AT 1:30 PM

03/10/2014 | **Citation By Personal Service**
TO CONSTABLE FOR SERVICE

03/10/2014 | **Citation**
BRUCE HITT

| | | |
|---|---|---|
| HITT, BRUCE | Served | 03/18/2014 |
| | Returned | 03/19/2014 |

03/19/2014 | **Notice**
OF APPEARANCE

04/01/2014 | **Temporary Restraining Order** (1:30 PM) (Judicial Officer Nolen, Ben)

04/02/2014 | **Order**
DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER/INJUNCTION // SIGNED BY JUDGE NOLEN

04/08/2014 | **Answer**
DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

04/16/2014 | **Amended**
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

06/03/2014 | **Order**
TRANSFER REGISTRY FUNDS FROM JP2 CASE #C14-082J2 AND CCL CASE 14C162-L TO THIS CAUSE

06/05/2014 | **Copy Sent**
TO BOOKKEEPER FOR TRANSFER

06/24/2014 | **Order**
ADMINISTRATIVE CLOSING ORDER - WITHOUT PREJUDICE, UNTIL FURTHER ACTION IS INITIATED BY THE PARTIES

07/21/2014 | **Certificate**
PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY DIRECTED TO DEFENDANT BRUCE HITT

09/24/2014 | **Certificate**
PLAINTIFF'S CERTIFICATE OF WRITTEN RESPONSES TO DEFENDANTS REQUESTS FOR DISCLOSURE

11/12/2014 | **Letter**
LETTER TO JUDGE NOLEN'S OFFICE FROM ATTY-CHARLES W. KING

02/26/2015 | **Motion**
Motion (No Fee) - TO WITHDRAW

02/26/2015 | **Proposed Order**
Proposed Order

03/03/2015 | **Notice**
OF HEARING ON MOTION TO WITHDRAW SCHEDULED FOR MARCH 12, 2015 AT 9:00 A.M. - MAIL SENT TO BRUCE HITT WAS RETURNED

03/12/2015 | **Motion to Withdraw** (9:00 AM) (Judicial Officer Nolen, Ben)

03/13/2015 | **Order**
ALLOWING COUNSEL TO WITHDRAW SIGNED BY JUDGE NOLEN

07/23/2015 | **REQUEST**
FOR ADMISSIONS

10/16/2015 | **Notice**

TAB 3          82

*OF HEARING ON MERTIS 11-10-15 AT 9:00 AM /// NOTICE TO BURCE HITT RETURNED UNDELIVERABLE*

| | | |
|---|---|---|
| 11/10/2015 | **Merits** (9:00 AM) (Judicial Officer Nolen, Ben) | |
| 11/10/2015 | **Judgment** | |
| | *JUDGMENT* | |
| 12/04/2015 | **Notice** | |
| | *Notice of Appearance of Counsel* | |

---

**FINANCIAL INFORMATION**

---

| | | | | |
|---|---|---|---|---|
| | **Defendant HITT, BRUCE** | | | |
| | Total Financial Assessment | | | 36.00 |
| | Total Payments and Credits | | | 36.00 |
| | **Balance Due as of 12/08/2015** | | | **0.00** |
| 11/30/2015 | Transaction Assessment | | | 36.00 |
| 11/30/2015 | Payment | Receipt # 2015-2566 | HITT, BRUCE | (36.00) |
| | | | | |
| | **Plaintiff ZARAUSKAS, FRANK** | | | |
| | Total Financial Assessment | | | 364.00 |
| | Total Payments and Credits | | | 364.00 |
| | **Balance Due as of 12/08/2015** | | | **0.00** |
| 03/06/2014 | Transaction Assessment | | | 235.00 |
| 03/06/2014 | Transaction Assessment | | | 4.00 |
| 03/06/2014 | Transaction Assessment | | | 75.00 |
| 03/06/2014 | Payment | Receipt # 2014-0522 | KING, CHARLES W. | (314.00) |
| 04/08/2014 | Transaction Assessment | | | 50.00 |
| 04/08/2014 | Payment | Receipt # 2014-0806 | CARTER, BOYD, LISSON & HOHENSEE | (50.00) |